## MULLIN–JOHNSON CO. v. PENN MUT. LIFE INS. CO. OF PHILADELPHIA, PA.

### No. 19781–S.

District Court, N. D. California, S. D.

Dec. 14, 1934.

See, also, (D. C.) 2 F. Supp. 203.

Mullin-Johnson Company, in pro. per.

David Freidenrich, of San Francisco, Cal., for defendant.

Livingston & Livingston, of San Francisco, Cal., amicus curiæ.

ST. SURE, District Judge.

On removal from the superior court of the state of California there was filed in this court, on July 8, 1932, an action entitled Mullin-Johnson Company, a Corporation, Plaintiff, v. Penn Mutual Life Insurance Company of Philadelphia, Pennsylvania, a Corporation, Defendant, Law No. 19275–S. The allegations of the complaint show that the plaintiff is a domestic corporation, and that the defendant is a foreign corporation. Thereafter, the cause being at issue, it was set for trial on October 9, 1934. The day before trial the attorney for plaintiff dismissed the action under the provisions of section 581 of the California Code of Civil Procedure. Immediately thereafter plaintiff corporation "in propria persona" filed in this court the above-entitled action, the parties being the same and the allegations of the complaint identical with those in the first action.

It is undisputed that the corporate powers, rights, and privileges of plaintiff corporation have been suspended for nonpayment of state taxes as provided in the California Bank and Corporation Franchise Tax Act, § 32 (St. 1929, pp. 19, 33, as amended St. 1931, p. 2228).

Defendant moves to dismiss, contending: First, that the effect of the suspension is to deprive plaintiff corporation of its capacity to sue; and, secondly, that a corporation may not appear as attorney or in propria persona. As the first point may be debatable, I pass to a consideration of the second, which I think is decisive of the motion.

It is settled in California that there are certain professional occupations which a corporation is functionally incapable of engaging in, such as the practice of the law. Plaintiff corporation is not, and could not be, a member of the bar of California, whose members, under our rules, may be admitted to practice in this court. Obviously plaintiff corporation could not plead and manage its case personally, as provided in 28 USCA § 394, nor could it manage it through an agent of its appointment who is not an attorney of the court. Nightingale v. Oregon Cent. Ry. Co. (C. C. Or. 1873) 18 Fed. Cas. 239, No. 10,264.

"Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona. A judgment rendered in such a proceeding is void." California Jurisprudence, 1932 Supplement, "Practice of Law," p. 34, citing Bennie v. Triangle Ranch Co., 73 Colo. 586, 216 Pac. 718.

The motion to dismiss will be granted.