## HEISKELL v. MOZIE.

### No. 6564.

United States Court of Appeals for the District of Columbia.

Argued Jan. 13, 14, 1936.

Decided Feb. 24, 1936.

Thos. Morton Gittings, of Washington, D. C., for petitioner.

Richard A. Harman, Richard L. Merrick, and John G. Epaminonda, all of Washington, D. C., for Richard A. Harman.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

Petitioner in October, 1925, executed a monthly lease to respondent of certain property in the city of Washington. The lease contained the usual covenants with relation to the payment of the rent and the occupancy and redelivery of the property. In June, 1935, petitioner, claiming default in payment of the rent, instituted and prosecuted in the municipal court, in proper person, a landlord and tenant proceeding for the recovery of possession of the premises. Summons was served, and on the return day, respondent not appearing, a member of the bar, as a friend of the court, moved that the complaint be dismissed and the plaintiff be held in contempt of court for violation of rule 22. The rule provides:

"No person shall be permitted to appear in a representative capacity in any cause except for the purpose of securing a continuance, or signing pleadings, writs, or other papers filed in the Court, except he be a member of the bar of the Supreme Court of the District of Columbia."

Petitioner answered the motion and the specifications filed to support it, and some evidence was taken. The admitted facts are that petitioner is engaged in the real estate business, including the collection of rents and the leasing of properties for the owners; that in the case of property turned over to him by the owner to rent, he would ordinarily execute the lease in his own name as landlord—whether with or without formal authority does not appear. That he would receive 5 per cent. of the amount of rents collected by him and, when a tenant failed to pay the rent, he would file a landlord and tenant proceeding in his own name to recover possession of the premises and would prosecute such cases in proper person; that in the lease of the premises involved in the case under consideration, petitioner was not the owner of the premises, but the rental agent for the owner.

The municipal court held petitioner in contempt and imposed a fine of $5. We granted a review because of the local importance of the principle involved, and the single question we are called on to decide is whether petitioner, not being a member of the bar, may nevertheless conduct, in proper person, a proceeding of the nature, and in the circumstances, hereinbefore mentioned.

The District of Columbia Code of 1929 (title 18, § 225) provides that, upon default in the terms of a lease, the landlord may bring an action in the municipal court of the District to recover possession. Counsel for petitioner says that, since the owner of the property is not a party to the lease, but petitioner is, the relation of landlord and tenant exists between petitioner and the tenant; and he further says that in this jurisdiction an agent for an undisclosed principal is personally bound on the contract and that this liability is reciprocal, that the lessee in this case was bound to petitioner for the performance of the contract, and that this gave petitioner the right, in his own name, to institute the recovery proceeding.

We shall assume, for the purposes of this case, and in the absence of any statute to the contrary, that when a civil contract is made with an agent for an undisclosed principal in the agent's own name, either the agent or the principal may sue upon it.

We shall also assume that petitioner, having lawful possession of the property, had the right to make the lease in his own name. In this view the action could properly be brought in the name of the agent. But we do not regard this as conclusive.

■ Section 272 of the Judicial Code, 28 U.S.C.A. § 394 (Rev.St. § 747) provides that:

"In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein."

We think the words "the parties," as used in the statute, mean the parties in interest—the real, beneficial owners of the claims asserted in the suit, and by implication that it excludes agents and attorneys in fact and confines the representation, where the party whose rights are actually involved does not appear in person, to attorneys and counselors at law. It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee—not an attorney—to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose; and this, for the reason that such an assignment would transfer only the naked legal title or, perhaps more accurately, no more than an agency—a power without an interest;—and in such case there would be lacking that element of personal interest which alone permits the management of an action at law in a court by some one other than an attorney at law.

■ While, therefore, the right to manage one's own cause personally is preserved and secured in all courts, federal and state, the right has never been enlarged to include—by appointment or substitution—an agent. The question is whether the person offering to conduct the litigation is the real party in interest. To determine this, courts look through the shadow to the substance. Here petitioner has no legal title to the property, nor any present equitable interest. What interest he has arises only after judgment and payment of the claim, for it is not until then that his commission accrues. If petitioner is entitled, notwithstanding a complete showing of lack of present interest, to conduct the suit in the municipal court, he could not be denied

the same privilege in an appellate court; so that, in this aspect, the question of the simplicity of procedure which has been suggested cannot be considered as a reason for the extension of the privilege. If, without present interest, he could personally institute and conduct this proceeding, by like token, claims collection agencies, by the mere transfer to themselves for the time being of the rights of the owner, could likewise institute and conduct an action or proceeding in any court to recover on the claims; and this, we think, cannot and ought not to be admitted. No more can a corporation appear in proper person. The rule in these respects is neither arbitrary nor unreasonable. It arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of law and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty.

Petitioner is not an attorney at law, nor is he the real party in interest, and hence had no standing to commence or to prosecute the action.

The rules for admission to practice law in the courts of the District of Columbia require the applicant to submit to an examination to test not only his knowledge and ability, but also his honesty and integrity, and the purpose behind these requirements is the protection of the public and the courts from the consequences of ignorance or venality. The same rules apply, for the same purpose, to the practice of medicine and to other learned professions. The tendency is and ought to be to strengthen rather than to weaken them.

Something was said of the expense and inconvenience which will attend this construction of the rule when applied to actions in the municipal court, the thought being that, in general, cases there are of minor importance, and the procedure informal; but the question cannot be decided on grounds of policy. That is a matter as to which the legislature is supreme.

No point is made of the power of the municipal court to punish for contempt committed in its presence. Petitioner admits that he knew of rule 22, and that it had been interpreted by the Supreme Court of the District of Columbia contrary to his position. When he acted, therefore, he did so with his eyes open, and hence he must accept the consequences of his act. Not being a member of the bar, the fact that

he is a man of character and standing in the community does not help him here.

Affirmed.