## BRANDSTEIN et al. v. WHITE LAMPS, Inc., et al.

District Court, S. D. New York.
Aug. 10, 1937.

Drechsler & Leff, of New York City, (David Drechsler and Herbert Ferster, both of New York City, of counsel), for complainants.

S. White, of New York City, per se.

LEIBELL, District Judge.

In an action for the infringement of a patent the defendants joined in one answer, which was verified by Samuel White, individually, and as president of the defendant corporation, which is incorporated under the laws of New York state. The said Samuel White is not an attorney admitted to practice law in this court. The plaintiffs move to strike out the answer of White Lamps, Inc., upon the ground that a corporation cannot appear in person.

This is an interesting question which has recently aroused considerable comment. It is not, however, a new problem. At common law a corporation was considered incapable of appearing personally in any action. 1 Coke.Litt., 1st Amer.Edit., §§ 90, 66b; Chitty, vol. 1 (16th Amer.Ed.) 577.

Appearances generally in the federal courts are governed by 28 U.S.C.A. § 394. This section states:

"In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein."

In the case of Mullin-Johnson Co. v. Penn. Mut. Life Ins. Co. (D.C.) 9 F.Supp. 175, it was said:

"Obviously plaintiff corporation could not plead and manage its case personally, as provided in 28 U.S.C.A. § 394, nor could it manage it through an agent of its appointment who is not an attorney of the court."

There is also a dictum to the same effect in Heiskell v. Mozie, 65 App.D.C. 255, 82 F.(2d) 861, where the court denied the right of a person to conduct the litigation in propria persona where he was the mere assignee of a claim for that specific purpose, and Judge Groner, in the course of his opinion, remarked, "No more can a corporation appear in proper person." [65 App.D.C. 255, 82 F.(2d) 861, at page 863]

In Osborn et al. v. Bank of the United States, 9 Wheat. (22 U.S.) 738, at pages 829, 830, 6 L.Ed. 204, where the court had before it, among other matters, the question of whether the record of the case should disclose that the defendant bank authorized the institution or prosecution of the suit, Chief Justice Marshall, in the course of his opinion, stated:

"It is admitted that a corporation can only appear by attorney, and it is also admitted that the attorney must receive the authority of the corporation to enable him to represent it. * * * A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."

To like effect is Commercial & Railroad Bank of Vicksburg v. Slocomb, 14 Pet. (39 U.S.) 60, 10 L.Ed. 354, where the question involved was whether or not a corporation in appearing in the court below by an attorney and pleading to the jurisdiction of the court, by the very fact of its appearance waived all objections to the jurisdiction of the court. In disposing of this question, the court stated at page 65, 14 Pet., 10 L.Ed. 354:

"But we are clearly of opinion, that in the case of a corporation aggregate, no waiver of an objection to jurisdiction could be produced, by their appearing and pleading by attorney, because, as such a corporation cannot appear but by attorney, to say that such an appearance would amount to a waiver of the objection, would be to say, that the party must from necessity forfeit an acknowledged right, by using the only means which the law affords of asserting that right."

While a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents. Since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control. See Nightingale v. Oregon Cent. Ry. Co., 18 Fed. Cas. p. 239, No. 10,264.

In Mortgage Commission of New York v. Great Neck Improvement Co., 162 Misc. 416, 295 N.Y.S. 107, 114, the court, in construing section 236, Civil Practice Act, N.Y., which is similar to 28 U.S.C.A. § 394, said:

"Were it possible for corporations to prosecute or defend actions in person, through their own officers, men unfit by character and training, men, whose credo is that the end justifies the means, dis-

barred lawyers or lawyers of other jurisdictions would soon create opportunities for themselves as officers of certain classes of corporations and then freely appear in our courts as a matter of pure business not subject to the ethics of our profession or the supervision of our bar associations and the discipline of our courts."

I am not unmindful of the case of Sellent-Repent Corp. v. Queens Borough Gas & Electric Co. et al., 160 Misc. 920, 290 N.Y.S. 887, holding to the contrary; but I am of the opinion that the weight of authority and sound public policy support the view that a corporation cannot appear in person to conduct its litigation.

The motion is granted and the answer of White Lamps, Inc., is stricken out with leave to said corporate defendant to appear and answer by attorney within twenty days after service of a copy of the order to be entered on this motion.

Submit order on notice.