### SCHIFRIN v. CHENILLE MFG. CO., Inc., et al.

District Court, S. D. New York.

June 4, 1940.

Meyer Schifrin, of New York City, for plaintiff.

Robert J. Blum, of New York City, for defendants.

CONGER, District Judge.

This is a motion to vacate a consent judgment on the ground that this court lacked jurisdiction over the defendants. The judgment was entered on a purported notice of appearance and a purported stipulation consenting to the judgment, both signed by one Abraham Aaron as "solicitor for defendants".

It now appears that Abraham Aaron is a registered patent attorney, a member of the bar of the District of Columbia, but that he has never been admitted to the

bar of this court, or to the bar of the states of New York or New Jersey.

It further appears that no process was served on the defendants herein; that the individual defendants did not appear personally; and that all defendants, individual and corporate, appeared by said Abraham Aaron.

■ In the federal courts, parties to suits may plead and manage their own cases personally, or by the assistance of such counsel or attorneys at law as, by the rules of the district courts, respectively, are permitted to manage and conduct cases therein (Title 28 U.S.C. 394, 28 U.S.C.A. § 394). General Rule 3 of the Rules of this court states: "only an attorney, solicitor or proctor of this Court may enter appearances for the parties, sign stipulations, * * *".

■ It has been held that the word "parties", by implication, excludes agents and attorneys in fact. Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861. A corporation may appear only through an attorney at law. Mullin-Johnson Co. v. Penn Mutual Life Ins. Co. of Philadelphia, Pa., D.C., 9 F.Supp. 175.

■ It necessarily follows that this court never acquired jurisdiction over the individual or the corporate defendant; and that Abraham Aaron, acting as their attorney, when not admitted to this court, could not enter an appearance and sign a stipulation, and that the papers signed by him are void.

The judgment, therefore, is invalid in binding the individual defendants, and the corporate defendant, and must be set aside. Motion granted. Settle order on notice.