STERN EQUIPMENT CO., Inc., Appellant,

v.

James PORTELL, Appellee.

No. 1666.

Municipal Court of Appeals for the
District of Columbia.

Argued July 25, 1955.

Decided Aug. 29, 1955.

Rehearing Denied Sept. 8, 1955.

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

Louis Ginberg, Washington, D. C., with whom Ellis Klein, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is by Stern Equipment Co., Inc., a corporation, from a judgment against it for $1,200. Appellant makes three claims of error. The first relates to the amount of the judgment. The record shows that appellant contracted to sell certain equipment to appellee for $2,750 and agreed that: "For $1,000.00 down payment, we will accept 1 diamond ring in lieu of $1,000.00 which you can pay back at the rate of $50.00 per month and last payments $1,000.00 is made we will return said diamond ring." In addition to deposit of the ring appellee paid $200 in cash. For rea-

sons not disclosed by the record and not questioned on appeal, the contract was rescinded, and appellee brought this action to recover $1,200, representing the diamond ring and the cash deposit. Appellant was unable to return the ring and the court awarded judgment for the amount asked. Appellant contends that in the absence of any testimony as to the value of the ring it was error to give judgment based on a valuation of $1,000 for the ring. In view of appellant's acceptance of the ring "in lieu of $1,000.00," we think there was no error in the court's acceptance of that valuation when appellant was unable to return the ring and offered no evidence that the ring was of less value.

The next claim of error relates to the admission in evidence of the contract of sale. It was written on the letterhead of Stern Equipment Company, Inc., appellant, but was signed "A. E. Stern Co.," by "Jack Kahn." At the time of the transaction Kahn was the authorized agent of appellant, but was not available as a witness at trial. The contention is now made that A. E. Stern Co. was not shown to be the same as Stern Equipment Co., Inc. It was not contended at trial that the contract was not that of appellant, and if it were not its contract that point should have been raised and developed as a defense at trial and not raised here for the first time. It is also contended that the contract received in evidence was a carbon copy and should not have been received without first making the proper attempt to secure the original. Although the contract in evidence is a carbon copy, it was a signed copy and therefore a duplicate original rather than a mere copy.

The last claim of error relates to the question of representation by counsel for appellant. When sued the corporation retained counsel who filed an answer in its behalf. Two continuances were had, one for plaintiff and one for defendant, and the case was set for trial on March 14. On or about March 8 appellant discharged its counsel, and on the trial date, March 14, Mr. Abram E. Stern, sole owner and president of defendant corporation, appeared and requested a further continuance. He was told by the court that trial would be had that day and he stated that he would secure an attorney and return ready for trial. About an hour later he returned and announced he would go to trial without an attorney. Trial commenced and at the conclusion of plaintiff's case trial was continued until the next day in order that Mr. Stern obtain certain witnesses. Later in the day, at his request, trial was continued three days instead of one day. On the latter date Mr. Stern, still without an attorney, brought in several witnesses who testified for defendant.

Claim is made that the trial court abused its discretion in not granting a continuance in order that defendant corporation could secure new counsel. The record does not show that a continuance was requested for that purpose, nor does it show any reason why, after discharging counsel on March 8, new counsel had not been secured by March 14. We see no abuse of discretion. Indeed, the trial court gave defendant ample opportunity to fully present its case. Claim is also made that it was improper to allow Mr. Stern, who is not a lawyer, to represent defendant corporation in the conduct of its defense. Perhaps this is so,[1] but when a corporation declines to secure counsel and is allowed to be represented by its sole stockholder and president, it is in no position to complain.

Affirmed.

1. See Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861.