Angus M. MacNeil, Garden Homes, Inc., Plaintiffs,

v.

HEARST CORPORATION, Defendant.

Civ. A. No. 1953.

United States District Court
D. Delaware.

March 11, 1958.

Angus M. MacNeil, Somerville, Mass., for plaintiffs.

Robert H. Richards, Jr. and Stephen E. Hamilton, Jr. (of Richards, Layton & Finger), Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action of libel. The complaint was docketed by the Clerk on December 31, 1957, having been received by mail from Angus M. MacNeil, who described himself as an Attorney at Law of Somerville, Massachusetts. On the day the complaint was filed the Clerk of the Court notified Mr. MacNeil that a Rule of Court required that local counsel be obtained insofar as the corporate plaintiff was concerned, stating that the individual plaintiff had a statutory right to appear. The Clerk stated that the Court would appreciate the obtaining of local counsel in accordance with the Rule of Court.

On January 24, 1958, counsel for defendant filed two motions. One was for an order striking the corporate plaintiff (Garden Homes, Inc.) as a party and dismissing the action as to said corporate plaintiff for failure to comply with the Rules of Court with respect to counsel and in violation of Title 28, § 1654 of U. S. Code. The second motion sought an extension of time to move, answer or otherwise defend the action until 20 days after disposition of the first motion. To the second motion an order was made granting said motion.

On the first motion the Court made an order that the corporate plaintiff have until February 7, 1958 to obtain local counsel admitted to practice before the Court and upon failure so to do an order would be entered without further notice striking the corporate plaintiff as a party and dismissing the complaint as to it. The Clerk was directed to send a copy of the order by Registered Mail to the corporate plaintiff in care of Mr. MacNeil who had filed the complaint. This direction as to mailing was complied with by the Clerk enclosing copies of both orders of the Court.

On February 4, 1958, Mr. MacNeil filed a motion for a default judgment on the ground that no motion or responsive pleading had been filed by defendant. The Clerk of the Court on the same day acknowledged the receipt of the motion stating that default was not entered because of the orders of Court as herein above recited.

On February 6, 1958, Mr. MacNeil stated that he had not received any copies of the orders sent to him by registered mail and again requested the entry of default judgment.

On February 10, 1958, it appearing to the Court that copies of its order of January 24th sent by registered mail were not received by Mr. MacNeil until February 8th, the Court vacated its order of January 24th and ordered that the corporate plaintiff (Garden Homes, Inc.) appear on February 26, 1958, at 2:30 p. m. and show cause why the suit should not be dismissed as to the said Garden Homes, Inc.

At the hearing the individual plaintiff pressed his motion for default contending that the defendant had neither answered the complaint within the 20 days prescribed by the Rules nor

moved in any respect authorized by the Rules. As hereinbefore indicated, prior to the motion for default on February 4, 1958, the Court had on January 24, 1958 granted a motion to extend the time for answer until 20 days after the determination of the motion to dismiss. This extension was made under the provision of Rule 6(b), F.R.Civ.P. 28 U.S.C. and was made within 20 days after service of summons. There had been no default and the motion of the individual plaintiff therefor will be denied.

Turning then to the motion of the defendant as to the institution of the suit by the corporate plaintiff, the following questions appear:

1. May a corporate plaintiff institute and prosecute a civil action in Court by its corporate officers alone?

2. May a corporation of a foreign state institute and prosecute a civil action by an attorney of such foreign state without the association of local counsel duly admitted to practice in the Court or the admission of such foreign counsel to the bar of the forum either pro hac vice or otherwise?

■ ■ (1) The answer to the first question must be in the negative. The authorities in the Federal Courts which have determined the question are uniform in holding that a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control. 9 Fletcher on Corporations, Section 4463 and 1957 Supplement; Brandstein v. White Lamps, Inc., D.C., 20 F.Supp. 369; Mullin-Johnson Co. v. Penn Mutual Life Insurance Co., D.C., 9 F.Supp. 175; Heiskell v. Mozie, 65 App. D.C. 255, 82 F.2d 861. In one case,

Schifrin v. Chenille Mfg. Co., 2 Cir., 117 F.2d 92, 95, the conclusion was reserved as not necessary for decision.

While the present question seems procedural in nature and peculiarly the subject of Federal law, yet the decisions in the State Courts show a like unanimity as the Federal Rule. See cases collected in Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867.

One further modification appears in this case. It is stated that the President of the plaintiff corporation is, himself, an attorney at law of the State of Massachusetts. The consideration of this feature seems more appropriate under the second question.

(2) The second question is "May a corporation of a foreign state institute and prosecute a civil action by an attorney of such foreign state without the association of local counsel duly admitted to practice in the Court or the admission of such foreign counsel to the bar of the forum either pro hac vice or otherwise?"

This second question must also be answered in the negative. This answer must consider the Statute, 28 U.S.C. § 1654, as set out in the footnote [1] and the Rule and practice of the Court. The words of the Statute as accented by me had appeared in the original Judiciary Act of September 24, 1789 [2] and continued from that time. They were removed as surplusage in 1948 [3] and restored in 1949.[4] It would seem that the accented language is clear recognition of that large measure of control the various courts have over the counsel permitted to manage and conduct causes before it.

The Rule of this Court, formally adopted in writing on July 10, 1942, provides:

"And Now, To-Wit, this 10th day of July, A.D. 1942, it is Ordered that the

---

1. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel, *as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.*"

2. 1 Stat. 92.

3. 62 Stat. 944.

4. 63 Stat. 103.

following be and hereby is a permanent rule of this Court:

"Attorneys shall be admitted to practice in this Court upon motion of an attorney regularly admitted to practice herein. No attorney shall be regularly admitted unless he is a member in good standing of the Bar of the State of Delaware. No attorney shall be admitted, either regularly or pro haec vice, unless the Judge to whom the motion is made is satisfied that said attorney is familiar with the Federal Rules of Civil Procedure.

"/s/ Paul Leahy

"United States District Judge"

The authority of the District Courts to make rules not inconsistent with the Acts of Congress or rules prescribed by the Supreme Court is expressly set out in 28 U.S.C. § 2071.[5]

■ Not only is the authority of the District Courts to make rules prescribed by the quoted Statute passed in 1949 (63 Stat. 104), after the adoption of the Rules of Civil Procedure, but the authority is likewise given by Rule 83 of such Rules.[6] Indeed, the reviser's notes indicate that the two bases for the Rules of the District Court are the same. The Rules of the District Court so adopted have the force of laws in appropriate cases.[7]

■ While it is highly desirable that Rules of Court be expressly set out in written form, yet a rule enforced by a long established practice and continued usage will be given the same effect.[8] As said in Hill v. U. S. ex rel. Wampler, 298 U.S. 460, at page 466, 56 S.Ct. 760, at page 763, 80 L.Ed. 1283, "There are

times when settled usage is as efficacious as a written rule to fix the forms of practice." Indeed, a rule expressly requiring the association of local counsel was, with others prepared and, while not formally promulgated, has consistently been followed in this District.

■ Since the adoption of the above quoted rule of this Court and, so far as we are informed, long prior thereto, the uniform practice and usage of this Court has been that when an action is instituted by out of state counsel, of whom the Court has no knowledge and over whom it has no control, that such counsel will associate with himself some local counsel admitted to practice before this Court or, himself, be admitted pro hac vice.

This course is largely in accordance with the Rules of the Court of Appeals of this Circuit, 28 U.S.C.A. and, indeed, the direct knowledge and control of counsel is more important in the formative stages of the litigation when discovery process is had and with a view that the disposition of the cause may be expedited.

In Chudoff v. McGranery, 179 F.2d 869, 872, the Court of Appeals of this Third Circuit said "The admission of an attorney to practice at the bar of a court, while a formal matter, is nonetheless a prerequisite of practice before that bar."

■ In the present case the corporate plaintiff, a corporation of a foreign state, has instituted the action by an attorney of another jurisdiction who has not been admitted to practice in this Court. No association of local counsel admitted to practice in this Court has been had

5. "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court."

6. See United States v. Hvass, 78 S.Ct. 501.

7. Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406; Galveston Dry Dock & Construction Co. v. Standard Dredging Co., 2 Cir., 40 F.2d 442.

8. Payne v. Garth, 8 Cir., 285 F. 301; Detroit Heating & Lighting Co. v. Kemp, C.C., 182 F. 847; Koning v. Bayard, Fed. Cas.No.7,924; Lamb v. Parkman, Fed. Cas.No.8,019; United States v. French, 8 Cir., 95 F.2d 922, 926.

though such opportunity has been given. The defendant has moved for a dismissal of the action insofar as the corporate plaintiff is concerned, although counsel for the defendant does not press for such severe action.

In a number of analogous cases a motion to dismiss the petition has been granted.[9]

In Stevens v. Gertz, D.C., 103 F.Supp. 760, an action had been instituted by counsel of a foreign state, not admitted to practice in the forum, and the defendants moved to dismiss the complaint. The Court, largely relying upon Schifrin v. Chenille Mfg. Co., 2 Cir., 117 F.2d 92, that penalties for violation of the rule should be applied only to counsel, refused the petition to dismiss. It will be noted, however, that in Stevens v. Gertz, the plaintiff was an individual who had a right to bring the action himself. In the present case it has been held herein that the corporate plaintiff could not properly act of itself in this Court. The only counsel purporting to appear is one over whom this Court has no measure of control. This Court is of the opinion that in a proper case the petition may be dismissed. To hold otherwise would mean either that all rules governing qualified members of the bar practicing before the Court would be abrogated or that the records of the Court could be clogged with inactive cases to be periodically reported through authorized channels.

This Court, however, has no intention of unduly penalizing the corporate plaintiff. It appears that if the complaint be dismissed, there may be presented the question of the Statute of Limitations.

The corporate plaintiff will be given 30 days from the date of the order herein, to appear by counsel in accordance with the rules of this Court and of the views expressed herein.

An appropriate order may be submitted.

9. Mullin-Johnson Co. v. Penn Mutual Life Ins. Co., D.C., 9 F.Supp. 175; Brandstein v. White Lamps, Inc., D.C., 20 F.

Supp. 369 and several State cases cited in Schifrin v. Chenille Mfg. Co., 2 Cir., 117 F.2d 92.