ASHLEY–COOPER SALES SERVICES, Inc., Plaintiff,

v.

BRENTWOOD MANUFACTURING COMPANY, Inc., Rink Building Systems, Inc., Mr. Joseph L. Pavlock, Mr. Howard F. Rink, Mr. Howard J. Thomas, Esq., Mr. James F. Carney, Mr. A. P. Pendleton, Defendants.

Civ. A. No. 10961.

United States District Court
D. Maryland.

Dec. 23, 1958.

David Sheer, Takoma Park, Md., for plaintiff.

C. Ferdinand Sybert, Ellicott City, Md., and Stedman Prescott, Jr., Silver Spring, Md., for Carney and Pendleton.

Howard J. Thomas, Silver Spring, Md., for remaining defendants.

R. DORSEY WATKINS, District Judge.

This case, instituted on October 14, 1958, in which Ashley-Cooper Sales Services, Inc., a Massachusetts corporation, is plaintiff, seeks recovery from Brent-

wood Manufacturing Company, Inc., a Maryland corporation, Rink Building Systems, Inc., a Maryland corporation, Joseph L. Pavlock, Howard F. Rink and Howard J. Thomas, residents of Prince George's County, Maryland, and James F. Carney and A. P. Pendleton, residents of "Baltimore City County of the State of Maryland."[1]

The complaint is unsigned, but attached to it are verifications by Frederick B. Sheer, the chairman of the board, president, and treasurer of plaintiff, on behalf of the corporation, and as officer of the corporation, the verifications being "in accordance with the form given in Walker on Patents, section 886 F." There was also attached a "memorandum of an address within the District where service can be made upon" the plaintiff "it being expressly understood that the sole purpose of the address within the District is to enable the plaintiff to maintain and defend all aspects of this case such as service, etc."

The complaint alleges that "the jurisdiction of this Court is based upon the fact that the claims herein exceed three thousand dollars (or ten thousand dollars, as someone has suggested to plaintiff that the three thousand figure has been changed to ten thousand), that diversity of citizenship is present, and upon any and all other applicable rules."

The claims, except as against Carney and Pendleton, apparently[2] are for breach of contract, conspiracy and fraud. The claims against Carney, Clerk of the Superior Court of Baltimore City, and Pendleton, Deputy Clerk of the Supreme Bench of Baltimore City, are stated in the complaint as follows:

"26. That plaintiff attempted to file bill of complaint in the Superior Court of the State of Maryland, in and for the County of Baltimore City, Civil Division, for a declaration of rights, etc.

"27. That James F. Carney, Clerk of the Superior Court of Baltimore City, and A. P. Pendleton, Deputy Clerk Supreme Bench of Baltimore City, who have been included in the list of parties defendant, returned plaintiff's bill of complaint for a reason that is foreign to the concepts upon which this nation was founded in that said reason is despotic in scope and could well lead to an autocracy in the State of Maryland.

"28. That the actions of the aforesaid Clerks as related in paragraph twenty-seven of this Bill of Complaint are in violation of the United States Constitution in general, and in particular the following parts of the Constitution: Article 1, Section 10, 'No state shall * * * pass any * * * law impairing the obligations of contracts * *'; Article IV, Section 1, 'Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state'; Article IV, Section 2, 'The citizens of each State shall be entitled to all privileges and immunities of citizens in the several states.'; The First Amendment, 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.'; The Fifth Amendment, 'No person shall be * * * deprived of life, liberty, or property, without due process of

---

1. There is a Baltimore City and a Baltimore County, but no "Baltimore City County." As however the alleged jurisdiction is based upon diversity of citizenship, and the District of Maryland has no divisions, no problem of venue is presented.

2. The word "conspiracy" appears in the caption of the complaint and in paragraphs 32 and 33; the word "defraud" also appears in the caption and in paragraphs 17, 23, 32 and 33. The requirements for particularity of Fed.Rules Civ. Proc. rule 9(b), 28 U.S.C. have been completely ignored.

law'; and The Fourteenth Amendment, 'No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'"

From exhibits to the complaint, and from the affidavit and exhibit in support of the motion on behalf of Carney and Pendleton to dismiss (which allegations and exhibit have not been controverted), it appears that on August 22, 1958, the corporate plaintiff attempted to file a bill of complaint in the Superior Court of Baltimore City, at which time the plaintiff was not represented by an attorney duly licensed to practice law in the State of Maryland, but was represented by Frederick B. Sheer, its President; that by Order [3] of the Supreme Bench of Baltimore City, dated the 8th day of December, 1955, and in force on August 22, 1958, the Clerks of all the courts that are styled the Supreme Bench of Baltimore City (which includes the Superior Court of Baltimore City) were "instructed not to accept any pleading or other paper offered for filing, in behalf of a corporation by anyone other than a person who represents himself or herself to be an attorney duly licensed to practice law in the State of Maryland, in any suit or action at law or in equity * * * in or to which such corporation is a party * * *"; and that it was solely by virtue of this order that Carney and Pendleton refused to accept plaintiff's bill of complaint for filing in the Superior Court of Baltimore City.

Plaintiff filed a petition, superseded by a motion, for an interlocutory injunction "against alleged order passed by the Supreme Bench of Baltimore City on the 8th day of December, 1955, which was employed by the defendants Carney and Pendleton to the effect of denying plaintiff of constitutional rights * * *", although "Plaintiff is of the opinion that the order of December 8, 1955 was revoked inasmuch as it is inconsistent with the Maryland Rules of September, 1956." Plaintiff asks that this motion be heard, "Judge Watkins and two other appropriate Judges presiding", or "as many Judges presiding as the equity and nature of this case and motions thereto require. * * *"

Assuming that plaintiff seeks to invoke the provisions of U.S.C. Title, 28, section 2281, in its application for a three-judge court to hear the motion for an interlocutory injunction against the order of the Supreme Bench of Baltimore City of December 8, 1955, and passing the questions whether such order is a "State statute"[4], whether as to defendants Carney and Pendleton the necessary

3. The Order reads as follows:
   "The matter of the petition of the Bar Association of Baltimore City relating to the filing of pleadings and other papers in behalf of corporations having come on for hearing before the Supreme Bench of Baltimore City after publication in The Daily Record of a notice of the hearing and invitation to all interested parties to participate therein; and the Supreme Bench having considered the matter and being of the opinion that the prayer of the petition should be granted;
   "It is, therefore, this 8th day of December, 1955, by the Supreme Bench of Baltimore City, Ordered that the Clerks of all the courts that are styled the Supreme Bench of Baltimore City be, and they are hereby, instructed not to accept any pleading or other paper offered for filing, in behalf of a corporation by anyone other than a person who represents himself or herself to be an attorney duly licensed to practice law in the State of Maryland, in any suit or action at law or in equity or any indictment or information in a criminal action in or to which such corporation is a party."

4. American Federation of Labor v. Watson, 1946, 327 U.S. 582, 592, 593, 66 S. Ct. 761, 90 L.Ed. 873; Rorick v. Board of Commissioners, 1939, 307 U.S. 208, 212, 59 S.Ct. 808, 83 L.Ed. 1242; Ex parte Collins, 1928, 277 U.S. 565, 568, 569, 48 S.Ct. 585, 72 L.Ed. 990; Ex parte Bransford, 1940, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249.

jurisdictional amount is alleged[5], and whether in any event a clerk, relying even upon an invalid court order, can be held liable in damages[6], before this court should proceed to invoke the constitution of a three-judge court in the manner prescribed in U.S.C. Title 28, section 2284, it must first be satisfied that the claim of unconstitutionality is not obviously without merit, and that such claim has not previously been decided by the United States Supreme Court adversely to the position of the party seeking such interlocutory injunction. Ex parte Poresky, 1933, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152.

■ Plaintiff's contention is that the rule of the Supreme Bench of Baltimore City requiring pleading on behalf of corporations to be filed by an attorney at law duly licensed to practice in Maryland, is unconstitutional and should be enjoined. But the Federal courts, including the Supreme Court and the Fourth Circuit Court of Appeals, have held that a corporation cannot appear in court in proper person, but must appear by attorney authorized to practice before the court. Osborn v. United States Bank, 1824, 9 Wheat. 738, 829, 830, 22 U.S. 738, 829, 830, 6 L.Ed. 204 ("It is admitted, that a corporation can only appear by attorney, * * * "; "A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); Commercial & Railroad Bank of Vicksburg v. Slocomb, Richards & Co., 1840, 14 Pet. 60, 65, 39 U.S. 60, 65, 10 L.Ed. 354 (" * * * a corporation cannot appear but by attorney * * * "); Acme Poultry Corp. v. United States, 4 Cir., 1944, 146 F.2d 738, 740, certiorari denied, 1945, 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417 ("'A corporation can appear only by attorney, * * * '; * * * The handling of the case in court for the corporation was a matter for its counsel, not for its officers."); Heiskell v. Mozie, 1936, 65 App.D.C. 255, 82 F.2d 861, 863, where the underlying reason for the rule was stated:

" * * * No more can a corporation appear in proper person. The rule in these respects is neither arbitrary nor unreasonable. It arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of law and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty.

\* \* \* \* \* \*

"The rules for admission to practice law in the courts of the District of Columbia require the applicant to submit to an examination to test not only his knowledge and ability, but

---

5. No specific amount is claimed, or demonstrated as recoverable against Carney and Pendleton, despite the requirement of the jurisdictional amount even where a federal question is alleged, U.S.C. Title 28, section 1331; Jacobs v. Tawes, D.C.D.Md.1957, 151 F.Supp. 770, affirmed, 4 Cir., 1957, 250 F.2d 611, 613; National Ass'n for Advancement of Colored People v. Patty, D.C.D.Va.1958, 159 F.Supp. 503, 520, 521; Seagram-Distillers Corp. v. New Cut Rate Liquors, Inc., 7 Cir., 1957, 245 F.2d 453, 455–459, certiorari denied, 1957, 355 U.S. 837, 78 S.Ct. 61, 2 L.Ed.2d 48; McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183. Moreover there is no allegation that plaintiff could not have sued in Prince George's County the defendants named in the bill of complaint sought to be filed in the Superior Court of Baltimore City; or that it would have cost more than $10,000 to employ an attorney to represent plaintiff in the Superior Court suit or in this court.

6. Ginsburg v. Stern, D.C.D.Pa.1954, 125 F.Supp. 596, affirmed, 3 Cir., 1955, 225 F.2d 245—The court expressly refraining from any determination of whether or not, under the Civil Rights Act, 42 U.S.C.A. §§ 1983, 1985, 1986, a clerk of the court is subject to civil liability when acting pursuant to court order and direction. Langen v. Borkowski, 1925, 188 Wis. 277, 206 N.W. 181, 43 A.L.R. 622—immunity from civil liability upheld as to circuit court judge, sheriff, head of House of Correction and the clerk of the court.

also his honesty and integrity, and the purpose behind these requirements is the protection of the public and the courts from the consequences of ignorance or venality. * * * "

The authorities to the effect that a corporation can appear in court only by an attorney at law, have been reviewed by Judge Leibell in Brandstein v. White Lamps, Inc., D.C.N.Y.1937, 20 F.Supp. 369, 370, 371. He quotes with approval from Mortgage Commission of New York v. Great Neck Improvement Co., 1937, 162 Misc. 416, 295 N.Y.S. 107, 114, as follows:

> "Were it possible for corporations to prosecute or defend actions in person, through their own officers, men unfit by character and training, men, whose credo is that the end justifies the means, disbarred lawyers or lawyers of other jurisdictions would soon create opportunities for themselves as officers of certain classes of corporations and then freely appear in our courts as a matter of pure business not subject to the ethics of our profession or the supervision of our bar associations and the discipline of our courts."

With this reasoning this court is in entire accord.

Accordingly, it appears that plaintiff's attack upon the constitutionality of provisions (whether statutory or by court rule) permitting corporations to appear in court only by an attorney at law, is totally without merit. This court therefore denies plaintiff's motion to convene a three-judge court to pass upon its motion for an interlocutory injunction.

---

■ Since the preparation of the above memorandum, plaintiff has filed a "Motion for an Interlocutory Injunction against Rejection of the Fourteenth Amendment to the Constitution by the State of Maryland on March 23, 1867", and for a hearing thereon, "Judge Watkins and two other appropriate Judges presiding * * *." Presumably a mandatory injunction, requiring the State of Maryland to ratify the Four-teenth Amendment, is sought. Article V of the Constitution of the United States recognizes the right of a State to ratify, or to fail to ratify, any proposed Amendment to the Constitution. Clearly a three-judge court would have no jurisdiction or authority to grant the relief prayed.

Plaintiff's motions for the convocation of a three-judge court are hereby denied.

This second motion emphasizes the necessity for the existence and enforcement of the rule permitting a corporation to appear in court only by an authorized attorney at law. The complaint herein is accordingly dismissed, without prejudice. Brandstein v. White Lamps, Inc., D.C.N.Y.1937, 20 F.Supp. 369; Mullin-Johnson Co. v. Penn Mut. Life Ins. Co., D.C.Cal.1934, 9 F.Supp. 175; see also, State of New Jersey v. People of State of New York, 1832, 6 Pet. 323, 327, 31 U.S. 323, 327, 8 L.Ed. 414.