184 So.2d 438 (1966)
NICHOLSON SUPPLY CO., Inc., a Florida Corporation, Appellant,
v.
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HARDEE COUNTY, a Corporation under the Laws of the United States, et al., Appellees.
No. 6027.
District Court of Appeal of Florida. Second District.
March 25, 1966.
*439 Frank B. Watson, Jr., of Roberts, Watson, Taylor & Friday, Ft. Myers, for appellant.
James J. Taylor and Lefferts L. Mabie, Jr., Wauchula, for appellees.
ALLEN, Chief Judge.
The appellant, Nicholson Supply Co., Inc., a corporation, was the plaintiff in the court below and appeals from an order entered the 7th of January, 1965, striking a complaint for foreclosure of a lien and dismissing said cause.
The appealed order is as follows:
"THIS CAUSE came on before me on motion by defendants to dismiss the complaint herein for failure to state a cause of action, and other grounds, and upon motion by defendants to strike said complaint upon the ground that the same was not signed by an attorney at law, and upon motion by plaintiff Nicholson Supply Co., Inc., to amend the original complaint by striking from the last page of said complaint the name of the plaintiff corporation and signature by its president and by inserting in lieu thereof the signature of counsel for plaintiff who have appeared since the filing of said complaint. Plaintiffs Amos L. Lunsford and Bi-County Fuel Company, a Florida corporation, have filed motions to dismiss this cause as to them for the reason that their claims have been settled in full. Such motions be and the same are granted.
"The court finds that defendants' motion to strike should be granted for the reason that a corporation may not appear or sign a pleading in propria persona and the attempted filing of said complaint by the president of such corporation, who is not a licensed attorney at law, is a nullity, and further, that such complaint is not amendable. It is, therefore, upon consideration,
"ORDERED AND ADJUDGED that plaintiff's motion to amend be and the same is hereby denied, and defendants' motion to strike the complaint be and the same is hereby granted, and said cause is hereby dismissed."
We believe the following point on appeal, stated in the appellees' brief, pin-points the question before this court, which is apparently a case of first impression in Florida. The point stated is:
"Is a complaint, filed by a corporation through its president, not represented by an attorney, a nullity, not amendable so as to later affix an attorney's signature thereto?"
The record before us indicates that the complaint was actually prepared by a Wauchula attorney, licensed to practice law in Florida and in good standing, but who would not sign the complaint. The president of the corporation bringing the suit signed the complaint.
Rule 1.5 of the Florida Rules of Civil Procedure, 30 F.S.A., in effect at the time of the filing of this case, provides:
"(a) Pleadings to be Signed by Attorney. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated and who shall be duly licensed to practice law in Florida, and he may be required by an order of court to vouch for his authority to represent and give the address of such party. Except when otherwise specifically provided by these Rules, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleadings; that to the best of *440 his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served.
"(b) Party not Represented by Attorney to Sign. A party who has no attorney but represents himself shall sign his pleading and state his address."
The appellant contends, in essence, that (b) above authorizes it to represent itself and sign its pleadings. The appellant buttresses its argument by stating that a corporation is deemed a person as far as due process, etc., is concerned. This is so, but not so far as permitting a corporation to practice law in its individual name or by its officials to sign for it as, in effect, attorneys for the corporation. An individual is authorized to represent himself without the necessity of employing an attorney, but this rule is not stretched to permit a corporation to do so.
The appellant, in its brief, states:
"* * * The case of Tuttle vs Hi-Land Dairyman's Assoc. cited in [10 Utah 2d 195] 350 Pac.2d 616 involves the question of corporation appearing in Small Claims Court action without an Attorney. * * *"
The case cited does not aid the appellant as the following quotation from the case shows:
"As to the contention that the court erred in finding that a corporation cannot proceed in a small claims court except through a licensed attorney, appellants argue, and we agree, that a corporation is a `person' within the meaning of the provisions of Sec. 78-6-2, U.C.A. 1953. That section provides that actions may be maintained in small claims court by any person who executes an affidavit setting forth the nature of the claim. However, from the fact that a corporation is a `person' which can maintain an action in a small claims court, it does not follow that any officer or employee of such corporation can properly institute such an action by executing such affidavit and appearing in behalf of the corporation at the hearing provided in the Small Claims Court Act. Corporations are different in that respect from natural persons. A corporation cannot practice law and must have a licensed attorney representing it in court matters."
In Paradise v. Nowlin, 1948, 86 Cal. App.2d 897, 195 P.2d 867, the Court, in its opinion, said:
"The motion must be granted on the ground stated but there is another and more important reason for the dismissal of the appeal on the court's own motion, to wit, that the defendant corporation filed the notice of appeal in the superior court and its opposition to the dismissal in this court in propria persona. Such notice and opposition are void by reason of the corporation's lack of power to represent itself in an action in court. Defendant was represented by an attorney at the trial but his services apparently terminated with the entry of judgment in favor of plaintiffs.
"A composite of the rule in the decided cases, overwhelmingly sustained by the authorities, may be thus stated: A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona. (Citing cases from Colorado, New York, Illinois, Indiana, Virginia, *441 Missouri, New Jersey, Kansas, Minnesota and the U.S. Courts.)
"The federal courts have held that the provisions in the statute that `the parties may plead and manage their own causes' or by attorney (28 U.S.C.A. § 394) does not authorize a corporation to plead and manage its case personally or through an agent who is not an attorney of the court. Mullin-Johnson Co. v. Penn Mut. Life Ins. Co., D.C.Cal., 9 F. Supp. 175; Brandstein v. White Lamps, Inc., D.S.N.Y., 20 F. Supp. 369."
In the case of Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861 (1936) a realty dealer acted as the owner's rental agent and held in his name an assignment of a claim authorizing him to conduct litigation. The assignee filed a petition claiming default in the payment of rent and instituted and prosecuted in the municipal court, in proper person, a landlord and tenant proceeding for the recovery of possession of the premises. The summons was served, and on the return day, a member of the bar, as a friend of the court, moved that the complaint be dismissed and the plaintiff be held in contempt of court for violation of rule 22, which provided:
"No person shall be permitted to appear in a representative capacity in any cause except for the purpose of securing a continuance, or signing pleadings, writs, or other papers filed in the Court, except he be a member of the bar of the Supreme Court of the District of Columbia."
The municipal court held the petitioner in contempt and imposed a fine of $5. A review was granted because of the local importance of the principle involved, which was whether the petitioner, not being a member of the bar, might nevertheless conduct, in proper person, a proceeding of the nature involved in the case. The Court, in its opinion, stated:
"Section 272 of the Judicial Code, 28 U.S.C.A. § 394 (Rev.St. § 747) provides that:
"`In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein.'
"We think the words `the parties,' as used in the statute, mean the parties in interest  the real, beneficial owners of the claims asserted in the suit, and by implication that it excludes agents and attorneys in fact and confines the representation, where the party whose rights are actually involved does not appear in person, to attorneys and counselors at law. * * *
"* * *
"* * * No more can a corporation appear in proper person. The rule in these respects is neither arbitrary nor unreasonable. It arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of law and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty.
"Petitioner is not an attorney at law, nor is he the real party in interest, and hence had no standing to commence or to prosecute the action.
"The rules for admission to practice law in the courts of the District of Columbia require the applicant to submit to an examination to test not only his knowledge and ability, but also his honesty and integrity, and the purpose behind these requirements is the protection of the public and the courts from the consequences of ignorance or venality. The same rules apply, for the same purpose, to the practice of medicine and to other learned professions. The tendency is and ought *442 to be to strengthen rather than to weaken them."
In Laskowitz v. Shellenberger, 107 F. Supp. 397 (S.D.Calif. 1952) the attorneys for the defendant corporation asked leave to permit their withdrawal. The Court held that such approval would leave the corporate defendant without representation. The district judge, in his opinion, said:
"Said defendant consents to the withdrawal by a document bearing its seal filed with the Court. The Court does not consent to the withdrawal of attorneys. Approval would leave a corporate defendant without representation. Even if a defendant assumes to represent himself, he must either enter his first appearance in the case in propria persona or be substituted for whoever appeared as his attorney. Defendant appropriately does not offer to do this because, being a corporation, it is without capacity to either represent others or itself.
"For authorities discussing the principles involved, see cases cited to support the following quotation from Cal.Jur. Ten Year Supplement, 1949, Revision, Vol. 9, Sec. 15, p. 448, where the applicable rules are stated as follows:
"`Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona. A judgment rendered in such a proceeding is void.'" (Emphasis added.)
Since the appellant corporation in the instant case filed a complaint, which did not bear the signature of an attorney, it was, under the rules of court of this state, as well as many decisions herein cited, a nullity and the trial court correctly struck the complaint. Since the complaint was a nullity, then the petition to amend by striking the signature affixed as, in effect, the attorney for the appellant and inserting the name of new attorneys after the time had elapsed for foreclosing its lien, was improper.
Finding no error in the record, we affirm the trial court.
Affirmed.
PIERCE, J., and FLYNN, ROGER D., Associate Judge, concur.