**SIMBRAW, INC., Appellant,**

v.

**UNITED STATES of America.**

**No. 15782.**

United States Court of Appeals
Third Circuit.

Argued Sept. 16, 1966.

Decided Oct. 5, 1966.

Thomas H. Crider, Chambersburg, for appellant.

Robert C. McDiarmid, Civil Division, Dept. of Justice, John W. Douglas, Asst. Atty. Gen., Bernard J. Brown, U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The sole question in this appeal as stated by the attorney at law representing appellant corporation is "Must a corporation, to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court or courts before whom its rights need to be adjudicated?" As appellant's brief states, "Plaintiff attempted to represent itself by its President, Walter T. Savoye, Sr." The unequivocal answer to the above question is Yes.

The basic statute is 28 U.S.C. § 1654 which reads:

"Appearance personally or by counsel

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein. As amended May 24, 1949, c. 139, § 91, 63 Stat. 103."

The qualification requirements for attorneys and counsellors at law in order to be admitted to practice in the United States District Court for the Middle District of Pennsylvania are set out in Rules 1, 2 and 3 of that Court. Rule 8(1) of this Court's Rules covers the admission requirements for attorneys and counsellors at law to practice in this Court.

Osborn v. President, etc., United States Bank, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204 (1824) is relied on as supporting the theory that the corporate plaintiff can sue by an agent who need not be an attorney at law. Chief Justice Marshall in Osborn, p. 830, said "A corporation, it is true, can appear only by attorney, while a natural person may appear for himself." Because the Chief Justice did not use the full phrase "attorney at law", appellant insists that any person so authorized by a corporation can start and carry through a law suit. There is no basis whatsoever in the Osborn opinion for that conclusion. The particular problem involved was whether the lawyer for the Bank needed to file evidence of his authority to institute the litigation. Immediately prior to the above quoted sentence the Chief Justice in the same sequence made it plain that he was talking solely of attorneys at law. He said p. 828:

"Natural persons may appear in court, either by themselves, or by their attorney. But no man has a right to appear as the attorney of another, without the authority of that other. In ordinary cases, the authority must be produced, because there is, in the nature of things, *prima facie* evidence that one man is in fact the attorney of another. The case of an attorney-at-law, an attorney for the purpose of representing another in court, and prosecuting or defending a suit in his name, is somewhat different. The power must indeed exist, but its production has not been considered as indispensable. Certain gentlemen, first licensed by government, are admitted, by order of court, to stand at the bar, with a general capacity to represent all the suitors in the court. The appearance of any one of these gentlemen in a cause, has always been received as evidence of his authority; and no additional evidence, so far as we are informed, has ever been required. This practice, we believe, has existed from the first establishment of our courts, and no departure from it has been made in those of any state, or of the Union."

Osborn has been referred to in reported opinions many times on its various phases but never as upholding appellant's stated view. As recently as 1962 the Circuit Court of Appeals for the Tenth Circuit in Flora Construction Co. v. Fireman's Fund Insurance Co., et al., 307 F.2d 413, 414 depended on Osborn primarily (mentioning eight later decisions to the same effect) for its statement "The rule is well established that a corporation can appear in a court of record only by an attorney at law."

In Acme Poultry Corporation v. United States, 146 F.2d 738, 740 (4 Cir. 1944) Judge Parker for the Court held: "The handling of the case in court for the corporation was a matter for its counsel, not for its officers." In the only other case we have found in this Circuit dealing with the precise problem, MacNeil v. Hearst Corporation, 160 F.Supp. 157 (D.C.D.Del.1958), the first question to be answered by District Judge Rodney was "1. May a corporate plaintiff institute and prosecute a civil action in Court by its corporate officers alone?" The Court said regarding this:

"The answer to the first question must be in the negative. The authorities in the Federal Courts which have determined the question are uniform in holding that a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control. 9 Fletcher on Corporations, Section 4463 and 1957 Supplement; Brandstein v. White Lamps, Inc., D.C., 20 F.Supp. 369; Mullin-Johnson Co. v. Penn Mutual Life Insurance Co., D.C.,

9 F.Supp. 175; Heiskell v. Mozie, 65 App.D.C. 255, 82 F.2d 861."

Judge Nealon in his sound District Court opinion in this appeal rightly points out that "The confusion that has resulted in this case from pleadings awkwardly drafted and motions inarticulately presented likewise demonstrates the wisdom of such a policy."

The judgment of the District Court will be affirmed.