

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 24, 1975

The Honorable Franklin L. Smith          Opinion No. H- 538
Nueces County Attorney
Nueces County Courthouse                 Re: May a non-lawyer
Corpus Christi, Texas 78401              employee of a corporation
                                         legally file a petition in
                                         Small Claims Court on
                                         behalf of the corporation?

Dear Mr. Smith:

You have requested our opinion concerning whether a non-lawyer employee of a corporation may legally file a petition in Small Claims Court on behalf of the corporation.

Article 2460a, section 2, V. T. C. S., gives Small Claims Courts jurisdiction "in all actions for the recovery of money by any person, association of persons, corporation or by any attorney for such parties." (Emphasis added)  This language suggests that a corporation may bring an action in a Small Claims Court without the aid of an attorney, and article 2460a has been so construed. Attorney General Opinion C-82 (1963).

However, Rule 7, T. R. C. P., which provides that "[a]ny party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court," has been interpreted as applying only to individuals and not to corporations. Globe Leasing, Inc. v. Engine Supply and Machine Service, 327 S. W. 2d 43 (Tex. Civ. App. --Houston 1969, no writ). The court therefore held that a corporation may appear in court only through an attorney. Globe concerned an action in a District Court, which courts are expressly governed by the Rules of Civil Procedure pursuant to Rule 2, which provides in part:

> These rules shall govern the procedure in the
> justice, county, district, and appellate courts
> of the State of Texas in all actions of a civil nature.
>
> . . . .

The procedure in Small Claims Courts is governed by article 2460a, and the Rules of Civil Procedure are applicable only insofar as provided by that article. Rule 7 and the Globe court's construction thereof are therefore inapplicable to actions in Small Claims Courts.

We are supported in this determination by the inapplicability of the reasoning behind the Globe rule to Small Claims Courts. The Globe court cited Brandstein v. White Lamps, 20 F. Supp. 369 (S. D. N. Y. 1937) and Simbraw, Inc. v. United States, 367 F. 2d 373 (3rd Cir. 1966) as stating the appropriate reasoning.

> The confusion that has resulted in this case from
> pleadings awkwardly drafted and motions inarticu-
> lately presented . . . demonstrates the wisdom of
> such a policy.

Simbraw, supra. This reasoning is no more applicable to corporations than to individuals. Further, it is vitiated by the simplified procedure in Small Claims Courts. A simplified form of pleading is utilized, [article 2460a, section 4, Attorney General Opinion C-283 (1964)]; the hearing is informal, [article 2460a, section 7]; and it is the "duty of the judge to develop all of the facts in the particular case," including the summoning and questioning of witnesses and parties. [Article 2460a, § 9].

A second rationale requiring a corporation to appear through a licensed attorney is presented in Brandstein, supra.

> Were it possible for corporations to prosecute or
> defend actions in person, through their own officers,
> men unfit by character and training, men, whose credo
> is that the end justifies the means, disbarred lawyers

> or lawyers of other jurisdictions would soon create
> opportunities for themselves as officers of certain
> classes of corporations and then freely appear in
> our courts as a matter of pure business not subject
> to the ethics of our profession or the supervision of
> our bar associates and the discipline of our courts.

However, both the jurisdictional limit and the form of the hearing operate to undermine the application of this reasoning to Small Claims Courts. As stated in People v. Alfani, 125 N.E. 671, at 674 (N.Y. Comm. App. 1919):

> The results cannot be serious. The cases are
> generally of minor importance to the parties;
> such occasions are seldom frequent enough to
> make it a business, and the procedure is as
> informal as to constitute the judge really an
> arbitrer in the dispute.

In light of the language of article 2460a and of the inapplicability to Small Claims Courts of both the rationale underlying the Globe court's interpretation of Rule 7 and of the Rules themselves, we believe that a corporation may appear in Small Claims Courts through a non-lawyer employee.

## SUMMARY

A corporation may appear in a Small Claims
Court through an employee, whether or not he be
a licensed attorney.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg