# THOMAS v. LAGUNA PALMS PROPERTIES, LTD.
## Case No. 83-378 AP
Eleventh Judicial Circuit, Appellate Division, Dade County

August 15, 1984

### APPEARANCES OF COUNSEL

**Mark E. Pollack** for appellant.

**Dennis E. Stone** for appellee.

Before SIMONS, RIVKIND and SHAPIRO, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

Appellant, Robert Thomas, appeals from a Final Judgment for removal of tenant entered by the lower Court on November 15, 1983. A Motion to Vacate this Final Judgment was filed and was either denied or not ruled upon by the lower Court.

The issue presented for consideration is whether the Complaint, not signed by an attorney, which was filed on behalf of a Florida Limited Partnership, was void. If so, everything occurring subsequent to the filing of this Complaint would also be void.

In *Nicholson Supply Co. v. First Federal Savings and Loan Association of Hardee County*, 184 So.2d 438 (Fla. 2d DCA 1966), a complaint was filed on behalf of a corporation but signed by the President of said corporation who was not an attorney licensed to practice law in the State of Florida. The Court stated:

> "Since the appellant corporation in the instant case filed a complaint, which did not bear the signature of an attorney, it was, under the rules of court of this state, as well as many decisions herein cited, a *nullity* and the trial court correctly struck the complaint. Since the complaint was a nullity, then the petition to amend by striking the signature affixed was, in effect, the attorney for the appellant and inserting the name of new attorneys after the time had elapsed for foreclosing its lien, was improper." (emphasis supplied)

A limited partnership is a legal entity recognized in Florida. It is likened to a corporation in many respects. Like a corporation, it must be represented by an attorney in court proceedings. Since an attorney did not sign the initial petition in the instant case, the rationale applied in *Nicholson*, is directly applicable to the case on point. Accordingly, the petition filed was a nullity and any order entered thereafter is considered void. The Default Judgment and Final Judgment entered herein are hereby vacated as is the Writ of Possession obtained based on these Orders.

The case is remanded to the lower Court with instructions to proceed in accordance with this opinion.