(Reap. Dec. 10370)

HEINEMAN & SEIDMAN *v.* UNITED STATES

Entry No. 2753, etc.

(Decided November 13, 1962)

Plaintiff not represented by counsel.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

RAO, Judge: The 10 appeals for reappraisement here involved which have been consolidated for purposes of trial, relate to certain cotton gray sheeting, exported from Hong Kong during the period between April and November 1959. This merchandise was appraised on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. In each instance, the unit value returned by the appraiser was slightly higher than the invoiced values at which the merchandise was entered.

It is the contention of plaintiff that the entered values properly represent export value as of the respective dates of exportation.

Export value is defined in said section 402(b) as follows:

For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

At the trial of this action, Arthur A. Seidman testified in behalf of plaintiff. In substance, his statement purported to show that the merchandise imported by his company was of inferior quality and lower priced than the cotton sheeting used by the appraiser by way of comparison. To that end, he offered into evidence two samples of the material which had been imported. Plaintiff's exhibit 1 was stated to be representative of the cotton sheeting covered by all of the appeals for reappraisement, except R60/22769. Plaintiff's exhibit 2 is a sample of the merchandise involved in said R60/22769. The witness contrasted plaintiff's exhibits 1 and 2 with a fabric introduced as plaintiff's exhibit 3, which he considered to be of superior quality.

It further appears from the testimony of this witness that, at the time of exportation of some of the shipments here involved, plaintiff had contracted for future deliveries of the same merchandise at increased prices.

David C. Humphreys, appraiser of merchandise at the port of Charleston, S.C., testified on behalf of the defendant. He stated that it was he who physically examined and personally appraised the merchandise covered by these appeals; that his returns were predicated upon statutory export value; and that the values were advanced over the invoiced values, because of subsequent purchases of apparently identical merchandise contracted for prior to the respective dates of exportation, which, in the first nine appeals for reappraisement, were from a single manufacturer and were identified by a single symbol, to wit, line TSA 1049. As to the merchandise in the 10th appeal, it, as well as the subsequent purchase, was manufactured by South China Textile, Ltd., and both were of the same construction and specifications. All of the orders were for future deliveries, and the prices adopted were those contracted for before exportation of the subject merchandise.

This is all the evidence which has been introduced in this case. That it is insufficient to support the values claimed by plaintiff is the conclusive effect of settled law.

Although the Customs Simplification Act of 1956 redefined and recomposed the bases of value previously specified in the Tariff Act of 1930, it left unaltered the fundamental precept, set forth in the original law, that the values returned by the appraiser are presumptively correct and that the burden rests with the challenging party to establish the contrary. (28 U.S.C., § 2633.) Accordingly, prior interpretations of the statutory presumption and consequential burden remain in full force and effect, and dictate the course which must be pursued by a party who seeks to upset the values returned by the appraiser.

A very explicit statement of the essential elements of a reappraisement appeal is contained in the following excerpt from the leading case of *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495:

> To sustain his burden of proof and overcome this statutory presumption, it is incumbent upon appellant, the party challenging the value found by the appraiser in the first instance, to prove the action of the appraiser was erroneous and to establish some other dutiable value as the proper one. To do this, that party must meet every material issue involved in the case, and if he fails to do so the value fixed by the appraiser remains in full force and effect. *United States* v. *Gane and Ingram, Inc.*, 24 C.C.P.A. (Customs) 1, T.D. 48264.

In the instant case, the appraiser has returned a set of values for the merchandise in issue which he found on the basis of statutory export value. To establish that these values were erroneous, and that some other export values were proper, it was incumbent upon plaintiff to have shown a freely offered price for exportation to the United States in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, which differed from the values returned by the appraiser.

The record is barren of proof of any of these essentials. It shows merely that plaintiff made purchases for future delivery, that prices rose as new contracts were negotiated, and that higher prices for future deliveries were in effect on the respective dates of exportation. It also purports to show the apparently unrelated fact that plaintiff's merchandise was of inferior quality and, hence, of lesser value than other cotton gray sheeting. It does not show, however, that the prices claimed were those which conformed with the statutory definition of export value. It is not enough that the invoice prices were the prices actually paid for the subject merchandise. An invoice price alone is not sufficient evidence of statutory value. *United States* v. *Manahan Chemical Co., Inc.*, 24 C.C.P.A. (Customs) 53, T.D. 48333; *Sears, Roebuck & Co. et al.* v. *United States*, 31 C.C.P.A. (Customs) 36, C.A.D. 246; *Kobe Import Co.* v. *United States*, 42 C.C.P.A. (Customs) 194, C.A.D. 593. It must be accompanied by proof that the invoice price was arrived at in accordance with all of the elements contained within the statutory basis of value which is invoked.

By reason of the failure of proof in the instant case, the court is constrained to hold that the presumption of correctness of the values returned by the appraiser has not been overcome. The following findings of fact are, therefore, warranted:

1. That the merchandise covered by the 10 appeals for reappraisement here involved consists of cotton gray sheeting, exported from Hong Kong during the period between April and November 1959.

2. That said merchandise was appraised on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. That, in each instance, the appraised values exceeded the invoiced unit values.

4. That the appraised values were predicated upon prices for future delivery negotiated prior to the respective dates of exportation of the merchandise covered by these appeals for reappraisement.

5. That there is no competent evidence to show any other unit values than those returned by the appraiser.

The court, therefore, concludes that—

1. Export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the merchandise covered by these appeals for reappraisement.

2. Plaintiff has failed to overcome the presumption of correctness attaching to the values found by the appraiser.

3. The values returned by the appraiser are the export values of the subject merchandise.

Judgment will be entered accordingly.