(Reap. Dec. 10494)

B. H. RINDEMAN COMPANY, INC. v. UNITED STATES

Entry No. 908682–1/3.

(Decided April 18, 1963)

Plaintiff not represented by counsel.

*John W. Douglas,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

Rao, Judge: This is an appeal for reappraisement of an importation of cotton fabrics, exported from Egypt on December 30, 1960, and entered at the port of New York on January 18, 1961. The merchandise consisted of both white and colored goods, entered, as invoiced, at, respectively, 55.8 cents per yard, and 59 cents per yard, packing included. The appraiser advanced said values to 60 cents per yard and 64 cents per yard, respectively, less allowance stated on invoice, packed.

It is not affirmatively shown, either in the official papers or in the record, which statutory basis of value has been invoked in this case, but it would appear that, since the merchandise is not included on the final list, published in T.D. 54521, it is subject to appraisement under the provisions of section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

When the case was called for trial, Mr. B. H. Rindeman, president of plaintiff, appeared in person and advised the court that plaintiff is a corporation, but that, owing to the small sum involved in the case, it had not retained counsel. Although he was advised that it would not be proper for him to represent plaintiff in the matter, he was, nevertheless, sworn and permitted to testify.

The evidence which he gave tended to show that plaintiff company is the agent for the Egyptian mill and, as such, freely offered these fabrics at the official pricelist (apparently the pricelist attached to the official papers), issued by Beida Dyers of Alexandria, Egypt. It was the understanding of the witness that one firm paid 60 cents for white goods, for the reason that it desired a "special put-up," and that this

price served as the basis of the appraiser's return of value for such merchandise.

On cross-examination, the witness admitted that the entered prices were those charged for large quantities.

No brief has been filed in behalf of plaintiff herein, but counsel for defendant, in a brief submitted by him, urges both that a corporation may not appear without counsel and that, in any event, plaintiff has failed to overcome the presumptively correct values returned by the appraiser.

On both counts, counsel for defendant is on firm ground. The weight of authority supports the view that a corporation may not appear in proper person to prosecute or defend civil actions, but must retain an attorney for that purpose. *Brandstein et al.* v. *White Lamps, Inc., et al.* (S.D.N.Y.), 20 F. Supp. 369. A "corporation can do no act except through its agents and * * * such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are officers of the Court and subject to its control." *MacNeil et al.* v. *Hearst Corporation* (D. Del.), 160 F. Supp. 157; *Ashley-Cooper Sales Services, Inc.* v. *Brentwood Manufacturing Co. et al.*, 168 F. Supp. 742 (D. Md.). Nevertheless, and since there is some contrary case law in the matter, *vide, A. Victor & Co.* v. *Sleininger*, 9 NYS 2d 323, 255 App. Div. 673, this court deems it appropriate to consider the case on the merits.

As the writer of this opinion had occasion to observe in the case of *Heineman & Seidman* v. *United States*, 49 Cust. Ct. 443, Reap. Dec. 10370:

Although the Customs Simplification Act of 1956 redefined and recomposed the bases of value previously specified in the Tariff Act of 1930, it left unaltered the fundamental precept, set forth in the original law that the values returned by the appraiser are presumptively correct and that the burden rests with the challenging party to establish the contrary. (28 U.S.C., § 2633.) Accordingly, prior interpretations of the statutory presumption and consequential burden remain in full force and effect, and dictate the course which must be pursued by a party who seeks to upset the values returned by the appraiser.

A very explicit statement of the essential elements of a reappraisement appeal is contained in the following excerpt from the leading case of *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495:

To sustain his burden of proof and overcome this statutory presumption, it is incumbent upon appellant, the party challenging the value found by the appraiser in the first instance, to prove the action of the appraiser was erroneous and to establish some other dutiable value as the proper one. To do this, that party must meet every material issue involved in the case, and if he fails to do so the value fixed by the appraiser remains in full force and effect. *United States* v. *Gane and Ingram, Inc.*, 24 C.C.P.A. (Customs) 1, T.D. 48264.

What little proof has been adduced in behalf of plaintiff in this case is, in the court's opinion, inadequate to sustain the twofold burden

necessarily shouldered by it. In the first instance, it must be observed that the mere statement of the witness' *understanding* that the value returned by the appraiser was predicated upon a higher price paid by an unidentified firm's order for a "special put-up" does not constitute competent evidence of the fact it purports to establish. But even if it did, it does not support the inference that this was the only basis upon which the appraiser acted. Nor, in any event, does it serve to show in what respect the appraiser's return failed to comply with the legal requirements for a proper finding of value.

Moreover, there is no affirmative proof that the entered values were arrived at in accordance with any of the bases of value defined in the valuation statute. Although it appears that the prices comport with a so-called "official" pricelist, to which the witness referred in his testimony, but did not otherwise identify, there is also evidence that the prices listed were for large quantities. Whether such prices represent the freely offered price to all purchasers, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States (§ 402(b), as amended), or for domestic consumption in the United States (§ 402(c), as amended), to support a finding of export value or United States value, as the case may be, the record is silent. Thus, there is no evidence to support the value claimed by the plaintiff.

By reason of the foregoing, the court finds that—

1. The merchandise covered by the instant appeal for reappraisement consists of white and colored fabric, exported from Egypt on December 30, 1960.

2. Entry was made at the invoice prices for the white and colored fabrics at the respective values of 55.8 cents per yard and 59 cents per yard, packing included.

3. The white fabric was appraised at 60 cents per yard, less allowance stated on the invoice, packed.

4. The colored fabric was appraised at 64 cents per yard, less allowance stated on the invoice, packed.

5. The evidence of record tends to show that the invoice prices were those for large quantities.

6. There is no competent evidence to show any other values than those returned by the appraiser.

The court, therefore, concludes that—

1. Plaintiff has failed to overcome the presumption of correctness attaching to the values found by the appraiser.

2. The values returned by the appraiser are the proper values of the subject merchandise.

Judgment will be entered accordingly.