310 So.2d 776 (1975)
Remo Joseph ANGELINI, Appellant,
v.
MOBILE HOME VILLAGE, INC., a Corporation, Appellee.
No. V-82.
District Court of Appeal of Florida, First District.
April 15, 1975.
*777 C. Roger Vinson of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Joseph Q. Tarbuck, Pensacola, for appellee.
MILLS, Judge.
Plaintiff-appellant sued defendant-appellee alleging that he bought a mobile home from defendant which was negligently damaged by defendant while being delivered to him. Defendant, through its vice-president, filed an answer denying the alleged negligence and damages.[1] Approximately sixty days before the non-jury trial date, plaintiff's attorney mailed notice of the date, time and place of the final hearing to defendant. Defendant did not have an attorney. No one appeared on defendant's behalf at the trial. After hearing the testimony adduced on plaintiff's behalf and examining plaintiff's witnesses, the trial court rendered a judgment in favor of plaintiff for $4,300.00 plus costs.
Defendant then employed an attorney who filed a motion to vacate the judgment and grant a new trial to defendant on the ground that defendant's neglect in failing to appear at the trial was excusable. At the hearing on the motion, defendant's vice-president stated that though he received the notice of the final hearing which set forth the date, time and place, the phrase "or as soon thereafter as counsel may be heard," which followed immediately thereafter, misled him. He thought that the court would notify him when and where the trial would be held. However, he took no action to determine the trial date by communicating with the court, its clerk or plaintiff's attorney.
The trial court granted defendant's motion to vacate and for a new trial on the ground that defendant's representative was inapt in court procedure. Plaintiff has appealed from this order. Once again, defendant has neither employed an attorney nor appeared before the court.
The issue raised by this appeal is whether the facts and circumstances in this case constituted excusable neglect. We are of the opinion they do not and reverse.
The precise circumstances constituting excusable neglect depend upon all the factors in the case. Greater leniency is granted in cases not decided upon the merits. A judgment may not be set aside for a party guilty of gross negligence. Florida Investment Enterprises, Inc., et al. v. Kentucky Company, Inc., 160 So.2d 733 (Fla.App. 1964).
The defendant chose not to employ an attorney to represent it in the trial court. Instead, its vice-president represented it and filed an answer on its behalf. The vice-president was a college graduate. He acknowledged receipt of the notice of final hearing, and though admitting it set forth the date, time and place of the final hearing, stated that he was misled by the *778 phrase "or as soon thereafter as counsel may be heard". The vice-president thought this meant that the court would inform him of the trial date, but made no further effort to communicate with the court, its clerk or plaintiff's attorney concerning the trial date. After a non-jury trial at which considerable testimony was adduced by plaintiff, the trial court participating in the examination of the witnesses, the trial court rendered judgment for the plaintiff.
The case was decided on the merits after prompt and proper notice of the final hearing to defendant. Though defendant's vice-president stated he was misled by the language following the date, time and place of final hearing, he made no effort to determine the trial date though he had approximately sixty days within which to do so. These factors do not constitute excusable neglect. In fact, they show gross negligence on defendant's part.
Reversed and remanded with directions to reinstate the final judgment.
BOYER, Acting C.J., and McCORD, J., concur.
NOTES
[1] Though not urged in either the trial court or here, we should point out that a corporate official may not sign a pleading for the corporation, as a corporation is prohibited from the practice of law. Nicholson Supply Co. v. First Federal Savings and Loan Association, 184 So.2d 438 (Fla.App. 1966).