GRIMES, Acting Chief Judge.
Appellant seeks reversal of an order granting appellee’s motion for the entry of a default. The order is subject to appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Doctor’s Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla.1982).
Appellee sued appellant, a Florida corporation, seeking to foreclose a lien on real property. Appellant timely served and filed an answer which was signed only by its vice president. After twenty days from *439 the date of service of the complaint on the appellant had passed, appellee filed a motion to strike and for entry of a default on the premise that a corporation may only file pleadings through an attorney. Before the hearing on the motion took place, appellant served and filed a second answer through an attorney. Thereafter, the court struck appellant’s pleadings and entered a default against it for failing to file a proper response within the time required by law. The court noted “that the pleadings drafted by the defendant were obviously prepared by a person with substantial legal training who would have known that they were a nullity.”
A corporation must be represented by an attorney when it appears in the courts of the State of Florida. Quinn v. Housing Authority of Orlando, 385 So.2d 1167 (Fla. 5th DCA 1980); Nicholson Supply Co. v. First Federal Savings & Loan Ass’n, 184 So.2d 438 (Fla. 2d DCA 1966). Thus, appellant’s original answer filed through its vice president could not be deemed a proper pleading. However, Florida Rule of Civil Procedure 1.500(c) provides that a party may plead or otherwise defend at any time before a default is entered. Therefore, appellant’s ultimate filing of a proper answer precluded the subsequent entry of a default.
Our sister court decided the same issue in Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). The defendant’s attorney had filed only a notice of appearance within twenty days after service of process on his client. After the plaintiff moved for default but before the hearing on the motion, the defendant’s attorney filed an answer. Thereafter, the trial court entered a default. While lamenting the misuse of the notice of appearance, the appellate court reversed because of the defendant’s right “to plead or otherwise defend at any time before default is entered.” Fla.R.Civ.P. 1.500(c).
We reverse the order of default and remand for further proceedings.
SCHEB and FRANK, JJ., concur.