544 So.2d 300 (1989)
Suzanne RICHTER, Appellant,
v.
HIGDON HOMES, INC., a Florida Corporation, Appellee.
No. 88-1155.
District Court of Appeal of Florida, First District.
May 26, 1989.
Jan J. Hevier, Pensacola, for appellant.
No appearance for appellee.
SHIVERS, Judge.
Appellant filed a complaint against appellee Higdon Homes, Inc. (Higdon Homes), a Florida corporation, arising out of her 1983 contract to purchase, preconstruction, a residential condominium unit from Higdon Homes. A timely answer to the complaint was prepared and filed by appellee's counsel. Some time prior to trial, appellee's counsel withdrew and the case proceeded to jury trial with appellee represented by its sole stockholder and president, Charles Higdon (a non-lawyer). Prior to the beginning of trial, appellant's attorney objected to Mr. Higdon's representation of the corporation. The trial court allowed Mr. Higdon to continue after determining that he was the sole stockholder of the corporation.
A corporation may not represent itself through non-lawyer employees, officers, or shareholders. Nicholson Supply Co. v. First Federal Savings & Loan Ass'n of Hardee County, 184 So.2d 438 (Fla. 2d DCA 1966); See also Szteinbaum v. Kaes Inversiones by Valores, 476 So.2d 247 (Fla. 3d DCA 1985); Punta Gorda Pines Dev., Inc. v. Slack Excavating, Inc., 468 So.2d 438 (Fla. 2d DCA 1985); Hub Financial Corp. v. Olmetti, 465 So.2d 618 (Fla. 4th DCA 1985); Daytona Migi Corp. v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982); Angelini v. Mobile Home Village, Inc., 310 So.2d 776 (Fla. 1st DCA 1975). This rule applies even where the non-lawyer purporting to represent the corporation is the sole shareholder of the corporation. Southeastern Associates, Inc. v. First Georgia Bank, 362 So.2d 967 (Fla. 1st DCA 1978). Therefore, the trial court's allowing Mr. Higdon to represent appellee at trial on the basis that Mr. Higdon was the sole stockholder of the corporation was error.
Since appellee's answer in this case was properly filed by an attorney, default is not required. We vacate the trial court's final judgment on the verdict in favor of Higdon Homes and we set aside the verdict and remand for new trial if appellee elects to be represented by an attorney. If it does not so elect, we direct the trial court to enter *301 default against appellee and proceed thereafter accordingly. Because we reverse on the first issue presented on appeal, we do not reach appellant's remaining point.
REVERSED and REMANDED.
ZEHMER and BARFIELD, JJ., concur.