We have for review the complaint of The Florida Bar alleging that respondents have been engaged in the unlicensed practice of law. We have jurisdiction pursuant to our exclusive authority to regulate admissions to practice law and to regulate the practice of law itself. Art. V, § 15, Fla. Const.
On November 12, 1993, The Florida Bar filed its complaint with this Court alleging that respondents have held themselves out to the public as a panel of judges capable of granting divorces. Respondents are John J. Gentz, Emilio Ippolito, James Ray Keasling, Susan L. Mokdad, all with a last known address in Tampa, and James A. Spychalski, Jr., with a last known address in Clearwater. This Court on November 23, 1993, issued its order to show cause why respondents should not be enjoined from engaging in the unlicensed practice of law. Respondents Ippoli-to, Keasling, and Mokdad were personally served on or about April 5, 1994. Respondents Gentz and Spychalski have eluded service despite repeated attempts. None of the three served respondents has filed an answer.
Accordingly, this Court is required to accept as true each and every one of the allegations in the complaint against the three served respondents. Fla. Rules the Investigation & Prosecution of the Unlicensed Practice of Law 10-7.1(b)(4). Respondents Ippol-ito, Keasling, and Mokdad are hereby permanently enjoined: (1) from the unlicensed practice of law; (2) from holding themselves out as being lawyers or judges without first being properly licensed, elected, or appointed according to the laws of Florida; and (3) from aiding or abetting any other person engaging in such activities. Costs in' the amount of $899.08 are hereby awarded in favor of The Florida Bar and against respondents, for which sum let execution issue. This Court further orders respondents Ippol-ito, Keasling, and Mokdad to refund all fees and costs paid by any person seeking legal advice and/or a dissolution of marriage from them, as reflected in the records of The Florida Bar.
It is so ordered.