PER CURIAM.
This cause is before the Court on The Florida Bar’s petition to enjoin respondents from the unlicensed practice of law. We have jurisdiction under article V, section 15 of the Florida Constitution.
The Florida Bar filed a petition alleging that the respondents were unauthorized to practice law and engaged in various acts of practicing law. The petition alleges numerous instances in which respondents purported to represent numerous persons in litigation, collected fees from such persons under the guise of being lawyers, and failed to perform the promised services. This Court issued an order to show cause why the respondents should not be enjoined from the unlicensed practice of law. Upon the filing of a response to the petition, this Court entered an order appointing a referee to determine the matters presented in the petition and to submit findings of fact and recommendations to this Court. The Florida Bar filed an amended petition and served the same upon respondents. When respondents failed to file a response to the amended petition, The Florida Bar filed a motion for default. The referee granted The Florida Bar’s motion for default. The referee has now filed his report recommending that respondents be enjoined from the unlicensed practice of law.
Pursuant to the referee’s recommendation, the Court now determines that the respondents have engaged in the unlicensed practice of law and as a consequence respondents are enjoined from the following:
1. Either impliedly or expressly, personally or by use of advertisement, holding themselves out as lawyers and authorized to practice law in Florida and describing themselves as lawyers, attorneys, attorneys at law, esquire, counselor, counsel, or any other title that is designed to lead a member of the public into believing that respondents are licensed to practice law in Florida and able to render assistance with legal matters;
*296 2. Establishing a professional service corporation and/or operating a business as a P.A. unless respondents possess the necessary license as required by section 621.03, Florida Statutes;
3. Advising persons of their rights, duties, and responsibilities under Florida or federal law and construing and interpreting the legal effect of Florida law and statutes for third parties;
4. Giving legal advice and counsel to others;
5. Soliciting or accepting attorney’s fees;
6. Giving advice and making decisions on behalf of others that require legal skill and a knowledge of the law greater than that possessed by the average citizen;
7. Advising and/or explaining legal remedies and possible courses of action to individuals that affect their procedural and substantive legal rights, duties, and privileges;
8. Giving legal advice in connection with dissolution of marriage, alimony and modifications thereof, child support and modification thereof, bankruptcy and any other legal proceeding or procedure;
9. Appearing in any Florida court or offering to appear in any Florida court, either expressly or impliedly, as a spokesperson or representative for litigants in any court proceeding;
10. Corresponding with parties or the attorneys of parties as the representative of a client relative to legal matters;
11. Making inquiries and answering questions as to the particular forms that might be necessary, how best to fill out such forms, and how to present necessary evidence at any court proceeding;
12. Preparing pleadings and any other legal documents for third parties;
13. Allowing members of the public to rely on respondents to properly prepare legal forms or legal documents affecting an individual’s legal rights;
14. Having direct contact in the nature of consultation, explanation, recommendations, advice and assistance in the provision, selection and completion of legal forms;
15. Counseling persons as to the advisability of their filing for protection under the United States bankruptcy laws; and
16. From otherwise engaging in the practice of law in the State of Florida until such time as respondents are duly licensed to practice in this state.
In the event respondents engage in any of the conduct enjoined herein, they will be found in indirect contempt of the Supreme Court of Florida for the unlicensed practice of law in the state.
Judgment is hereby entered in favor of The Florida Bar and against respondents for the costs of this proceeding in the amount of $6,024.41, for which execution shall be issued.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.