689 So.2d 1037 (1996)
THE FLORIDA BAR, Complainant,
v.
Ronald J. YORK, Sr., etc., Respondent.
No. 85606.
Supreme Court of Florida.
September 26, 1996.
Rehearing Denied March 13, 1997.
*1038 John A. DeVault, III, President, Jacksonville; John W. Frost, II, President-elect, Bartow; John F. Harkness, Jr., Executive Director; and John T. Berry, Staff Counsel and Mary Ellen Bateman, Unlicensed Practice of Law Counsel, Tallahassee; Martin J. Sperry, Chair, Standing Committee on Unlicensed Practice of Law, Ft. Lauderdale; and Loretta O'Keeffe, Unlicensed Practice of Law Branch Counsel, Tampa, for Complainant.
Ronald York, Sr., Tampa, pro se.
Scott K. Tozian of Smith and Tozian, P.A., Tampa, for Respondent.

REVISED OPINION
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding the unlicensed practice of law by Ronald J. York, Sr. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made a number of findings of fact in his report, including the following:
1) That Respondent York is the owner, operator, sole proprietor, as well as representing himself as President of Advanced Paralegal Service, a for-profit business....
. . . .
3) Respondent York and Advanced Paralegal Service offers "assistance in filling out forms and applications of all kinds, research of public records, research of legal documents and texts, incorporations, non-commercial contracts and agreements, real estate documents, family law documents, living trusts and wills, and name changes."
4) Respondent York advertises that Advanced Paralegal Service has a free "Accident Victim Assistance Program."
5) Respondent York derives benefit from this free program as an advertising leader attracting customers to his business establishment in order to sell them the other services and materials that he offers for a fee.
. . . .
17) Respondent York held himself out to be capable and offered to give advice and assist customers in obtaining monetary payment for property damage that he concluded they were entitled to as a result of the accident in which they had been involved.
18) Respondent York in addition to providing advice and assisting accident claimants in seeking monetary payments, advised customers of their legal right to and assisted them in obtaining a rental car or rental car per diem, as well as information relating to insurance coverage information and potential policy or coverage defenses, *1039 again after advising them they were entitled to this information.
19) Respondent York's Accident Victim Assistance Program served primarily persons of advanced age, illiterate and or marginally proficient in the use of the English language.
. . . .
21) Respondent York in order to effectuate his Accident Assistance Program, and thereby attract customers and sell them the other services and documents his business had to offer, engaged in oral communication with customers that included making them aware of their rights and entitlements as he perceived them under Florida law.
22) Respondent York's agreement to "assist" his customers as practiced by him was nothing more nor less than a euphemism for representing them in their dealings with insurance companies or parties York determined to be legally responsible for his customer/client's property losses, including filing P.I.P. claims, rental car or rental car per diem claims and property damage payments.
23) Respondent York's providing of an "alternative place of contact" was nothing more than an indirect, euphemistic direction to himself as the claimant's representative in satisfactorily concluding their property damage claim and other entitlements York concluded his customer/clients were entitled to.
24) Respondent York recommended to his customer/clients that they pursue legal remedies including the filing of law suits and threatened to sue those he concluded to be responsible for this customer/client's damage.
25) Respondent York had a dual purpose in attracting customer/clients to his place of business by use of his "free" Accident Victim Assistance Program; the first was to determine if those who responded to his offer of assistance in pursuing a property damage claim also had a potential personal injury claim, and if they did, to refer them to selected lawyers who in turn would employ and pay Mr. York for the referral and other services; and secondly, to establish direct contact with these individuals in his place of business in order to sell them the other services, documents and products he had available.
Based on these and other findings of fact, the referee reached the following conclusions of law:
1) That Ronald York, Sr. is not and has not at any material time been an attorney licensed to practice law in Florida;
2) That Ronald York, Sr. is not and was not a "public adjuster" within the meaning of F.S. 626.854;
3) That the questioned conduct of Respondent Ronald York, Sr. in this cause did not involve or include the mere filling out of Florida Supreme Court approved forms;
4) That Ronald York, Sr. does not come within any other recognized exception that would permit him to give legal advice, provide legal services, or represent others in a legal capacity;
5) That Ronald York's practice of reviewing customer/client's potential property damage claims by listening to their verbal recitation of what had occurred, reviewing reports, reviewing statutes, then writing letters, sending fax memos and serving as a representative to accept responses from those demands had been made upon and offering to accept payments from them is as a matter of law doing those things that only a licensed attorney at law or a public adjuster is legally authorized to do.
6) That Ronald York's threats to file suit with or on behalf of his customer/client[s] is the practice of law that he is not licensed to perform.
Our review of the record shows that competent substantial evidence supports the referee's findings of fact and conclusions of law. We adopt those findings and conclusions. See, e.g., Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992) ("If findings of the referee are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee.").
The referee recommended that the following action be taken against York:
That Respondent Ronald York, Sr., individually and doing business as Advanced Legal Services, be enjoined from any further *1040 unauthorized practice of law through the program known as Accident Victim Assistance Program or any other similar program by another name.
That the costs of this proceeding be taxed against the respondent.
We find the referee's recommended action appropriate. See generally Florida Bar v. Schramek, 616 So.2d 979 (Fla.1993). Ronald J. York, Sr., individually and doing business as Advanced Legal Services, is hereby permanently enjoined from the unauthorized practice of law through the Accident Victim Assistance Program or any other similar program by any other name.[1]
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The referee amended his report to strike the recommendation that costs be taxed against York.