PATTERSON, Judge.
Arlene Valente appeals from a final judgment awarding her $596.66 in damages in an automobile accident ease. She argues that the jury was improperly permitted to consider the rule of comparative negligence. We agree and reverse.
The facts of the accident are simple. Va-lente was driving at fifteen to twenty-five miles per hour on a major thoroughfare when she was broadsided on the passenger side of her vehicle by Bishop’s company truck while it was attempting to cross the road in heavy traffic. The trial concentrated not on the accident, but on the nature and extent of Valente’s injuries. The defense admitted negligence but convinced the trial court to submit the ease to the jury, over Valente’s timely objection, on the theory of comparative negligence.
This was clear error for two reasons. First, the defense did not assert contributory negligence as a defense in its answer. The defense asserted that the accident was caused by the “sole negligence” of Valente. Such a defense does not put the issue of contributory or comparative negligence before the court. After Va-lente’s objection, the defense made no motion to amend its answer. Therefore, the pleadings contained no basis to support the defense, and it was waived. See Volkswagen of Am., Inc. v. Long, 476 So.2d 1267 (Fla.1985); Darrell Swanson Consol. Servs. v. Davis, 433 So.2d 651 (Fla. 1st DCA 1983).
Second, in addition to being provided the comparative negligence special verdict form, the jury was instructed on comparative negligence. Jury instructions must be supported by facts in evidence. See Bach v. Murray, 658 So.2d 546 (Fla. 3d DCA 1995); Riley v. Willis, 585 So.2d 1024 (Fla. 5th DCA 1991). In this case, there was not one fact or inference which could be drawn from the record that would support a finding of any negligence on Valente’s part.
We therefore reverse and remand for a new trial on all issues.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.