PER CURIAM.
We have for review a referee’s report recommending that respondents, Richard A. Shiarla and the Embassy of Heaven Church, be enjoined from engaging in the unlicensed practice of law. We have jurisdiction. See art. V, § 15, Fla. Const.

FACTS

The Florida Bar filed a Petition Against the Unlicensed Practice of Law against Shiarla and the Embassy of Heaven Church making the following allegations:
Count I— In February 1998, the Embassy of Heaven Church convened a self-described ecclesiastical court to consider legal issues relating to an individual’s alleged theft of money from members of the church. This “court” was made up of at least a chief justice, a scribe, and a minister of legal affairs.
Through its court proceedings, the Embassy of Heaven Church issued the following legal documents relating to the individual “charged” with the theft: (1) a finding of probable cause; (2) findings of fact and conclusions of law; (3) a judgment and sentence; (4) an affidavit in support of domestication of foreign judgment; and (5) an affidavit of truth.
Count II — The above-referenced documents were recorded in the official record books of Seminole County, Florida. As further part of the above court proceedings, the Embassy of Heaven Church mailed at least the following documents to the individual charged with the theft: (1) an application for claim; (2) an invitation for participation in arbitration proceedings; (3) an application for hearing; and (4) a public notice of judgment.
Count III — On February 11, 1998, Shiarla prepared and signed an Emergency Ex-Parte Petition for Habeas Corpus on behalf of the individual charged with the theft. Shiarla filed this petition in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, in his capacity as pastor and “corporation sole” of the Embassy of Heaven Church. The circuit court denied the petition on February 20,1998.
Count IV — In 1997, Ocwen Federal Bank, FSB, formerly known as Berkeley Federal Bank and Trust, FSB, commenced a foreclosure action relating to the real property upon which Shiarla resides in Seminole County, Florida. Shiarla filed papers indicating that the property was *1054 deeded to him as pastor and “corporation sole” of the Embassy of Heaven Church. He also filed papers in the foreclosure action in his capacity as pastor and “corporation sole” of the church. The Bar alleged that Shiarla’s filing in this capacity was the legal equivalent of a corporation’s officer or director attempting to represent the corporation in court.
The referee appointed by this Court to hear the proceedings held a status conference on May 17, 1999, at which respondents failed to appear. On May 24, 1999, the referee entered an Order on Status Conference, ordering respondents to file an answer to the Bar’s petition within thirty days. The Bar mailed and hand-delivered a copy of this order to respondents. Respondents failed to file an answer. On July 26, 1999, the Bar filed a Motion to Decide the Case Upon its Merits and an Affidavit of Costs. The referee granted the Bar’s motion, entered judgment on the merits, and issued his report.
The referee found that at all times material to the instant proceeding, respondents were not, and are not, members of The Florida Bar. Since respondents did not file an answer to the Bar’s petition, the referee took the Bar’s allegations as true. The referee then made the following conclusions of law:
1. The Embassy of Heaven Church engaged in the unlicensed practice of law by holding itself out as able and authorized to conduct legal proceedings, and by conducting legal proceedings and issuing documents purporting to have legal effect and authority.
2. Shiarla engaged in the practice of law by filing a habeas petition on behalf of another, and by filing papers, in his capacity as a representative of the Embassy of Heaven Church, to protect the interests of the church in a foreclosure action.
The referee found that respondents’ actions “violate the letter and spirit of this Court’s decisions” in earlier unlicensed practice of law cases, and also “present the potential for substantial public harm.” Therefore, the referee recommended that the Court ratify and adopt the judgment on the merits, enjoin respondents from engaging in the practice of law as set forth in the petition, and tax costs of the proceedings against respondents jointly and severally.

ANALYSIS

Regarding petitions filed by the Bar seeking injunctions for the unlicensed practice of law, Rule 10-7.1(b)(4) of the Rules Regulating The Florida Bar provides that “[i]f no response or defense is filed within the time permitted, the allegations of the petition shall be taken as true for purposes of that action.” See also Florida Bar v. Warren, 655 So.2d 1131, 1132 (Fla.1995). In the instant case, respondents did not file a response to the Bar’s petition; therefore, we adopt the referee’s findings of fact taking the Bar’s allegations as true. See R. Regulating Fla. Bar 10-7.1(b)(4).
Regarding a referee’s legal conclusions, this Court has held that “[a] referee’s findings regarding guilt are presumed correct and will be upheld unless clearly erroneous or without support in the record.” Florida Bar v. Weisser, 721 So.2d 1142, 1144 (Fla.1998). We find that case law supports the referee’s conclusion that the conduct engaged in by respondents constitutes the unlicensed practice of law. See Florida Bar v. Gentz, 640 So.2d 1105 (Fla.1994) (holding that three individuals who held themselves out to the public as a panel of judges capable of granting divorces were engaged in the unlicensed practice of law); Florida Bar v. York, 689 So.2d 1037, 1039 (Fla.1996) (finding that it constitutes the unlicensed practice of law for a nonattor-ney to threaten suit on behalf of another); Florida Bar v. Gordon, 661 So.2d 295, 296 (Fla.1995) (enjoining nonattorney from “[ajppearing in any Florida court or offering to appear in any Florida court, either expressly or impliedly, as a spokesperson or representative for litigants in any court proceeding”); Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985) (holding that “a corporation, unlike a natural person, cannot rep *1055 resent itself and cannot appear in a court of law without an attorney”); Richter v. Higdon Homes, Inc., 544 So.2d 300, 300 (Fla. 1st DCA 1989) (finding that a corporation “may not represent itself through non-lawyer employees ... even where the non-lawyer purporting to represent the corporation is the sole shareholder of the corporation”).

CONCLUSION

Accordingly, we approve the report of the referee and adopt the judgment on the merits. Respondents Richard A. Shiarla, the Embassy of Heaven Church, and any employees or persons acting in concert with respondents are permanently and perpetually enjoined from engaging in the unlicensed practice of law in the State of Florida. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from respondents Richard A. Shiarla and the Embassy of Heaven Church, jointly and severally, in the amount of $40.00, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.