788 So.2d 990 (2000)
Robert B. RIEGEL and Anna Riegel, husband and wife, Appellants,
v.
Michael H. BEILAN, D.O., and West Coast Medical Associates, P.A., Appellees.
No. 2D99-1409.
District Court of Appeal of Florida, Second District.
October 4, 2000.
Rehearing Denied December 11, 2000.
George A. Vaka and Patrick Dekle, Tampa, for Appellants.
Thomas M. Hoeler, Tampa, for Appellees.
DANAHY, PAUL W., (Senior) Judge.
Robert B. Riegel and Anna Riegel appeal the jury verdict in this medical malpractice case. Based upon an instruction that the parties could be deemed comparatively negligent, the jury found Michael H. Beilan, D.O., and West Coast Medical Associates, P.A., thirty percent liable and *991 found Mr. Riegel seventy percent liable for postoperative injuries he suffered.[1] It was error to charge the jury with a comparative negligence instruction. Thus, we reverse and remand the judgment.
On Monday, October 5, 1992, Mr. Riegel was admitted to the hospital for scheduled bilateral knee surgery. The next day his orthopaedic surgeon performed bilateral knee replacement surgery. By the weekend commencing Friday, October 9, 1992, Mr. Riegel's condition had deteriorated dramatically because his bowels were not functioning properly.[2] On October 10, 1992, a different doctor entered a written notation in Mr. Riegel's chart that ordered the insertion of a nasogastric tube (NG tube). There is no evidence in the record that any doctor or other medical personnel informed Mr. Riegel of the medical necessity for the NG tube and the medical consequences if it were not inserted. Other than the written order, the only other reference to the NG tube is found in a nurse's note that we reproduce below:

At the jury instruction conference, counsel for the Riegels objected to the proposed negligence instruction because there was no evidence of negligence on the part of Mr. Riegel. To establish the defense of comparative negligence, the medical defendants had to prove each of the following elements of negligence: (1) The patient, Mr. Riegel, owed himself a duty of care; (2) the patient breached that duty; and (3) the breach was the proximate cause of the damages the patient sustained. See Borenstein v. Raskin, 401 So.2d 884, 886 (Fla. 3d DCA 1981). To support the presentation of the instruction to the jury, Dr. Beilan and West Coast Medical would had to have shown that the alleged wrong of Mr. Riegel caused his damages. Further, there must have been a natural, direct, and continuous sequence between Mr. Riegel's negligent act and the injury such that it could reasonably be said that but for the act, his injury would not have occurred. Id.
The evidence in the present case did not support the comparative negligence instruction. The doctor's order and the nurse's note alone, without testimony or other evidence to demonstrate the nature of any information given to Mr. Riegel at the time he indicated that he did not want the NG tube inserted, were insufficient to support the jury instruction. Accordingly, Dr. Beilan and West Coast Medical failed to meet their burden on appeal to show that the requested instruction was supported by the facts in evidence. See Valente v. Resort Enters., Inc., 700 So.2d 732, *992 733 (Fla. 2d DCA 1997). Because that is so, the trial court abused its discretion when it gave the comparative negligence instruction. See Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999).
Since there was no evidence of any negligence on the part of Mr. Riegel, we reverse the portion of the judgment that found him comparatively negligent. Upon remand, the trial court shall enter judgment for Mr. Riegel for the full amount of damages. See Swamy v. Hodges, 583 So.2d 1095, 1097 (Fla. 1st DCA 1991).
Reversed and remanded.
PARKER, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] Mrs. Riegel was granted a new trial by the trial court, and she only joins as a party to this appeal to the extent that any determination of comparative negligence would be imputed to her on her claim for loss of consortium.
[2] Neither Dr. Beilan nor West Coast Medical has appealed the jury's determination of negligence on their part. The record establishes that at the request of an orthopedic surgeon, the Riegels' family doctor, Dr. Beilan, had performed a preoperative medical clearance on Mr. Riegel. After the surgery, Dr. Beilan had agreed to follow up on postoperative care while Mr. Riegel was hospitalized. Several doctors testified that Dr. Beilan's postoperative follow-up care was far below the standard of care for a reasonable family practitioner.