870 So.2d 934 (2004)
M. Lawrence KAPLAN, M.D., et al., Appellants,
v.
Leann R. MORSE and Kenneth D. Morse, Appellees.
No. 5D03-2432.
District Court of Appeal of Florida, Fifth District.
April 23, 2004.
*935 John R. Hamilton of Foley & Lardner, Orlando, for Appellants.
Mark Lang of Mark Lang & Associates, Winter Park, for Appellees.
PLEUS, J.
In this medical malpractice case, Lawrence Kaplan, M.D. and his professional association, Medical Express Health Care ("MEHC"), appeal from a final summary judgment arguing that genuine issues of material fact existed regarding causation and damages. As to Kaplan, we reverse the summary judgment and remand for trial on liability and damages. As to MEHC, we affirm the summary judgment as to liability and economic damages, but reverse as to unliquidated, non-economic damages and remand for trial.

Procedural History
Morse sued Kaplan and MEHC as well as two other doctors, Feenburg and Paustian, and South Seminole Hospital ("the Hospital"), for their alleged failure to properly diagnose Morse with an eye condition known as acute angle closure glaucoma. Morse's husband asserted a loss of consortium claim.
Kaplan, acting on his own behalf and on MEHC's behalf, filed a pro se motion to dismiss the plaintiffs' original complaint. The trial court denied Kaplan's motion to dismiss and struck MEHC's motion to dismiss, ordering the corporation to obtain counsel and file an answer. Kaplan answered the complaint and filed a motion asking the trial court to allow him to represent the defunct corporation, MEHC. The trial court did not rule on that motion. Instead, it entered a default against MEHC based on its failure to obtain counsel. Kaplan then moved to set aside that default. The record reflects no ruling on that motion.
Subsequently, the trial court allowed the plaintiffs leave to amend their complaint to allege an additional statutory cause of action against Feenburg, Paustian, and the Hospital. The record does not reflect any response to the amended complaint by either Kaplan or MEHC. Feenburg, Paustian and the Hospital later settled with Morse and were dismissed from the suit. The record does not reflect the settlement amounts.
Morse ultimately filed an amended motion for summary judgment against Kaplan and MEHC. The motion was accompanied by various exhibits, including an affidavit *936 executed by Morse. The record also contains the complete transcript of the deposition of Morse's treating physician. In her affidavit, Morse attested that she earned $63,000 in 1991, $82,000 in 1992 and $82,000 in 1993. She then stated that her lost wages since 1993 "are in excess of $600,000.00." Additionally, Morse attached to her amended motion for summary judgment documents reflecting $17,057.36 in taxable costs, a medical insurance lien in the amount of $6,832.50, and $12,206.97 in medical bills.
Morse also requested an award of non-economic damages in the amended motion for summary judgment. However, she provided no testimony or other evidence regarding the quantification of those damages. The only mention of the amount claimed for Morse's non-economic damages is one unsworn statement in the amended motion for summary judgment, which reads, "A more than reasonable amount to assess for the unnecessary damage to Mrs. Morse's eyesight, and probable loss of vision, is $300,000.00."
At an unreported hearing, the trial court granted the plaintiffs' amended motion for summary judgment against Kaplan and MEHC. Kaplan, who was still not represented by counsel, did not attend the hearing. The court entered a final judgment against Kaplan and MEHC, finding these two remaining defendants jointly and severally liable in the amount of $900,000.00, plus costs of $17,057.36. Kaplan and MEHC then retained counsel, who timely served a motion for rehearing on their behalf. The trial court denied the motion and Kaplan and MEHC appealed.

Standard of Review
The standard of review for summary judgment is de novo. Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001); Rollins v. Alvarez, 792 So.2d 695 (Fla. 5th DCA 2001). In reviewing a summary judgment, we must determine whether there is any "genuine issue as to any material fact" and whether "the moving party is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(c). Generally, "[t]he party moving for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact." City of Cocoa v. Leffler, 762 So.2d 1052, 1055 (Fla. 5th DCA 2000). The evidence contained in the record, including supporting affidavits, must be considered in the light most favorable to the non-moving party, and if the slightest doubt exists, summary judgment must be reversed. Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001).

Analysis
At the outset of our analysis, we note that MEHC was defaulted as a consequence of not obtaining proper representation. See, e.g., Lakeview Auto Sales v. Lott, 753 So.2d 723 (Fla. 2d DCA 2000); Richter v. Higdon Homes, Inc., 544 So.2d 300 (Fla. 1st DCA 1989). In both Lakeview Auto Sales and Richter, defaults were entered against corporate defendants for failure to obtain counsel. A default generally terminates a party's right to further defend, except to contest unliquidated damages. Henry P. Trawick, Jr., Florida Practice and Procedure § 25-2 (2001 ed.). Although neither party raises the issue of the effect of the default, we conclude that the trial court correctly entered summary judgment against MEHC on the issue of liability and liquidated damages but not unliquidated damages. Accordingly, we affirm the award of $600,000 in economic damages but reverse the award of $300,000 in non-economic damages against MEHC.
As for the summary judgment against Kaplan, he correctly argues that Morse failed to carry her burden of conclusively proving the non-existence of any *937 genuine issue of material fact as to his liability for Morse's injuries, particularly regarding the element of causation. He notes plaintiffs in negligence actions are required to prove each of the following four elements: duty, breach, causation and damages. Jefferies v. Amery Leasing, Inc., 698 So.2d 368, 371 (Fla. 5th DCA 1997). These elements are applicable in medical malpractice actions. See Riegel v. Beilan, 788 So.2d 990, 991 (Fla. 2d DCA 2000).
On the issue of causation, Kaplan points to the deposition testimony of Morse's expert, Dr. Chansky, which was in the record before the trial court. Chansky unequivocally testified that Dr. Paustian breached the prevailing standard of care and caused Morse's injuries. When asked if Kaplan also caused or contributed to those injuries, Chansky stated:
If you look at the onset of Mrs. Morse's symptoms, they truly were beyond forty-eight hours from when the time you're describing she may have seen a family doctor, because her symptoms started the night of the 29th. And you're talking about something on the 1st.
It is my opinion that Dr. Paustian had the, really the last chance and unique opportunity to make the proper diagnosis because of her presentation of symptoms and initiate therapy emergently. When you're describing is really beyond the forty-eight-hour window.
Chansky's testimony places the blame squarely on Dr. Paustian and provides record evidence to suggest that Kaplan did not cause Morse's injuries. This testimony creates a genuine issue of material fact on the issue of causation. "Unless a movant can show unequivocally that there was no negligence or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his favor." Wills v. Sears, Roebuck & Co., 351 So.2d 29, 31 (Fla.1977).
Because we reverse the summary judgment as to Kaplan on the issue of causation, it is not necessary to address his arguments regarding damages. We reverse and remand for trial on liability and damages as to Kaplan. Because MEHC was defaulted, we affirm the summary judgment as to liability and economic damages, but reverse as to unliquidated, non-economic damages and remand for trial.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
EDWARDS-STEPHENS, S., Associate Judge, concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, J., dissenting.
My problem with the majority opinion is that Kaplan never answered the amended complaint. This was a pleading to which a responsive pleading was required. See Fla.R.Civ.P. 1.110, esp. (e), "Effect of Failure to Deny."[1]
Kaplan was sued in 1995 and answered the original complaint in 1996. In 1997, *938 the plaintiffs sought and obtained leave to file a first amended complaint. In the ensuing six years, Kaplan occasionally participated in the case but never filed an answer to the amended complaint. Plaintiffs filed their motion for summary judgment in December 2002 and gave some seven weeks' notice of a hearing on the motion in late May 2003. Kaplan could have answered the amended complaint at any time, but did not.
Because a responsive pleading to the amended complaint was required and none was filed, all the averments, except as to the amount of damages, were deemed admitted. When a party admits an allegation, he is bound by it, and no further proof of the fact is required. See Carvell v. Kinsey, 87 So.2d 577 (Fla.1956).
Kaplan says, in essence, that his failure to answer the amended complaint and, further, to not appear at the summary judgment hearing are nothing. According to Kaplan, when he failed to file an answer, the plaintiffs' only recourse was to try to obtain a default. In the absence of a default, the failure to file an answer and the failure to appear at the hearing were without legal significance, and the trial court was bound on rehearing to withdraw the order granting summary judgment because the plaintiffs' experts disagreed on the extent of the casual connection between Kaplan's negligent failure to diagnose the plaintiff's injury. Kaplan's interpretation of rule 1.110 would mean that if he had filed an answer admitting one allegation and denying none, he would be held to have admitted the ones left undenied, but because he filed nothing at all, he has admitted nothing. Kaplan's argument goes farther. He urges that because he had never filed an answer, the plaintiffs were obliged at summary judgment to negate the existence of any issue as to any pleading he might have filed. In my view, that simply isn't so. By having failed to deny the allegations of the amended complaint as of the time of the summary judgment hearing, they were all deemed admitted. Taking the allegations of the amended complaint as admitted, the plaintiffs were entitled to their summary judgment on liability. As the rule provides, Kaplan is entitled to a trial on unliquidated damages.
Kaplan might have obtained relief, in the trial court's discretion, by seeking leave in the motion for rehearing to "amend" or to file an answer. If he had claimed that he did not believe or understand that he had to answer the amended complaint, which the record suggests was probably the case, I would expect the trial court to afford him relief. Once the defect of the lack of an answer was remedied, the analysis of the majority would be sound. Given Kaplan's pattern of ignoring the proceedings and given the way the issue was presented on rehearing, however, I do not see how the trial court's discretion was abused. I would affirm the judgment on liability.
NOTES
[1] The fact that Kaplan filed an answer to the original complaint is of no value under this rule. The old rule permitting an initial response to stand over to an amended pleading was abrogated in 1981. Henry P. Trawick, Jr., Trawick's Florida Practice & Procedure § 14-5 at 224 (2004 ed.) According to the committee note to the 1980 amendment to rule 1.190(a), the amendment was designed to restore the rule of Scarfone v. Denby, 156 So.2d 694 (Fla. 2nd DCA 1963), that an answer to the original complaint does not stand over an answer to the amended complaint. In Kaplan's defense, the amended complaint did no more than add a claim against other defendants. If an answer could stand over, this one would.