# Third District Court of Appeal
## State of Florida

Opinion filed September 27, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0255
Lower Tribunal No. 22-41287 CC
_____

**Altamar 1, LLC,**
Appellant,

vs.

**Adalgisa Nolasco,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Hazel Law P.A., and Robin F. Hazel (Hollywood), for appellant.

No appearance for appellee.

Before LOGUE, C.J., and EMAS and LOBREE, JJ.

PER CURIAM.

Altamar 1, LLC (landlord) appeals from an order of dismissal for failure

to comply with a court order to timely secure counsel pursuant to <u>Nicholson Supply Co. v. First Federal Savings & Loan Ass'n of Hardee Cnty.</u>, 184 So. 2d 438 (Fla. 2d DCA 1966). Ordinarily, a corporate entity may not be represented by a non-lawyer. <u>Szteinbaum v. Kaes Inversiones y Valores, C.A.</u>, 476 So. 2d 247, 248 (Fla. 3d DCA 1985) (stating that "a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney"). This is true even if the non-lawyer is the corporation's sole stockholder or member. <u>See</u> <u>Fla. Bar v. The Embassy of Heaven Church</u>, 761 So. 2d 1053, 1055 (Fla. 2000) (citing <u>Richter v. Higdon Homes, Inc.</u>, 544 So. 2d 300, 300 (Fla. 1st DCA 1989)).

However, a limited exception has been recognized by the Florida Supreme Court to permit designated property managers to sign a complaint and prosecute *uncontested* residential evictions for nonpayment of rent on behalf of both individual and corporate landlords. <u>Fla. Bar re Advisory Opinion--Nonlawyer Preparation of & Representation of Landlord in Uncontested Residential Evictions</u>, 627 So. 2d 485, 487 (Fla. 1993); <u>cf.</u> <u>Pomales v. Aklipse Asset Mgmt., Inc.</u>, 336 So. 3d 785, 786 (Fla. 3d DCA 2022) (reversing voluntary dismissal filed by representative of landlord corporation in contested eviction action where tenants objected, sought trial and award of attorney's fees, and corporation failed to comply with order

2

requiring corporation to appear through counsel).

Here, the landlord's complaint contained a single count for eviction for nonpayment of rent, and did not seek the recovery of past due rent. Further, the landlord filed a copy of its resolution designating the property manager as authorized to file evictions on its behalf. After service of process on the tenant and the tenant's failure to file an answer, the clerk entered a default. As no hearing was required, the eviction was uncontested. Accordingly, the designated property manager should have been permitted to handle the uncontested residential eviction on behalf of the corporate landlord.

Reversed and remanded for further proceedings.