

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2007

# Genesis Intl Holding v. Northrop Grumman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3566

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Genesis Intl Holding v. Northrop Grumman" (2007). *2007 Decisions.* Paper 882.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/882

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3566

_____

GENESIS INTERNATIONAL HOLDINGS;
INTERNATIONAL INFRASTRUCTURE CONSORTIUM;
BOBAN JOVANOVIC

v.

NORTHROP GRUMMAN CORPORATION;
DONALD WILHELM; PEGGY HEWINSON; US ALGERIA BUS COUNCIL;
SONATRACH CORPORATION; HALLIBURTON CORPORATION;
BOEING CORPORATION; ANADARKO CORPORATION;
LOCKHEED MARTIN CORPORATION;
HESS CORPORATION f/k/a AMERADA HESS CORPORATION;
PFIZER INC.; SUEZ LNG NA LLC; TEXTRON INC.; RED-MED CORPORATION;
BP AMERICA, INC.; ARAB BANKING CORPORATION;
AIR PROD CORPORATION; RAYTHEON COMPANY;
GENERAL ELECTRIC COMPANY; TEXAS KEYSTONE CORPORATION;
BURLINGTON RESOURCES, INC.; LAMIN DJILANI; ALI DJAZAIRY;
JAMES BAILEY; ISMAEL CHIKHOUNE; ELIZABETH LORD STEWART;
JOHN DOES; GULF KEYSTONE PETROLEUM CORPORATION*

Boban Jovanovic,
Appellant

(*Amended per Order of 9/5/06)

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 05-cv-4487
(Honorable Dennis M. Cavanaugh)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2007

Before:  SCIRICA, <u>Chief</u> <u>Judge</u>, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed:  June 26, 2007)

---

## OPINION OF THE COURT

---

<u>PER CURIAM</u>.

Boban Jovanovic appeals <u>pro</u> <u>se</u> from the orders of the District Court dismissing his Second Amended Complaint ("SAC") and declining to reconsider its rulings.  As a threshold matter, we must address the scope of this appeal.

Jovanovic, who is not a licensed attorney, also seeks to represent or appeal on behalf of plaintiffs Genesis International Holdings ("Genesis") and International Infrastructure Consortium ("IIC"), two companies of which he claims to be a stockholder and "honorary President."  Jovanovic attempted to represent these companies <u>pro</u> <u>se</u> in the District Court.  The District Court dismissed these companies' claims without prejudice because they were not represented by counsel.  <u>See</u> <u>Simbraw, Inc. v. United States</u>, 367 F.2d 373, 374 (3d Cir. 1966).  These companies also are not represented by counsel on appeal, so we dismiss their appeals for failure to prosecute.  <u>See</u> 3d Cir. LAR 107.2 (1997).[1]  Thus, we review only those claims that can be construed to seek relief on behalf

---

[1]After the Clerk notified Jovanovic that we would take this action unless a licensed
(continued...)

2

of Jovanovic individually. Having done so, we will affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I.

Genesis was a member of the US-Algeria Business Council ("US-ABC"), a trade association that promotes commerce between businesses in Algeria and the United States. On September 14, 2004, defendant Donald Wilhelm – then-Chairman of the US-ABC and a Vice President of defendant Northrop Grumman Corporation ("Northrop Grumman") – sent a letter to Jovanovic threatening to expel Genesis from the US-ABC. The next day, defendant Peggy Hewinson – a Northrop Grumman Operations Manager – circulated that letter by e-mail to the US-ABC Board members. Jovanovic alleges that this correspondence defamed Genesis and him personally. He further alleges that this correspondence resulted in the loss of contracts that Genesis and IIC had to develop certain projects in Algeria and in various injuries personal to him.

Primarily on the basis of this correspondence, Jovanovic asserts ten claims against 26 defendants, many of whom are US-ABC Board members alleged merely to have received the correspondence and all of whom he accuses of having conspired to bring about his harm. The District Court dismissed his Second Amended Complaint in its

---

[1](...continued)
attorney entered an appearance on the companies' behalf, Jovanovic accused one of the defendants of raising this issue ex parte and made several arguments in his brief that he should be allowed to represent or proceed on behalf of the companies. We have considered all of his arguments and reject them.

3

entirety in three separate orders. Two of those orders dismissed claims against certain defendants (the "jurisdictional defendants") for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, and the third order dismissed the claims against the remaining defendants under Rule 12(b)(6).[2] The District Court also denied two motions that Jovanovic filed seeking reconsideration of its rulings. Jovanovic appeals from all five orders.[3]

## II.

### A. Rule 12(b)(6) Rulings

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In determining whether Jovanovich has stated a claim, we must accept his factual allegations as true and draw all reasonable inferences from them in his favor. See Alston, 363 F.3d at 233. We agree with the District Court that Jovanovic has failed to state a claim against the majority of the Rule 12(b)(6) defendants. We believe, however,

---

[2]The jurisdictional defendants are the US-ABC, Arab Banking Corporation, Burlington Resources, Inc., Gulf Keystone Petroleum Corporation, and individual defendants James Bailey, Ismael Chikhoune, Lamine Djilani, Elisabeth Lord Stuart, Ali Djazairy, Wilhelm and Hewinson. We will refer to the remaining defendants, which are all business entities, as the "Rule 12(b)(6) defendants."

[3]We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the Rule 12(b)(2) and Rule 12(b)(6) legal conclusions de novo and the denials of reconsideration for abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004); IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258 (3d Cir. 1998).

4

that he has stated a claim against Northrop Grumman (which did not contest personal jurisdiction) for vicarious liability for the actions of Wilhelm and Hewinson (who, as explained below, are not themselves subject to personal jurisdiction in New Jersey). Jovanovic adequately alleged that those actions defamed him personally.[4]

To state a claim for defamation, a complaint must allege "(1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault." Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (3d Cir. 1998). Here, Jovanovic alleges that the September 14 letter falsely stated that Jovanovic had lied to the US-ABC about his and Genesis's affiliation with various persons and companies, including the Algerian Ambassador's son and Northrop Grumman. (SAC ¶¶ 161-62, 274.) That statement appears susceptible of a defamatory meaning. See Decker v. Princeton Packet, Inc., 561 A.2d 1122, 1126 (N.J. 1989) (explaining that "[a] defamatory statement is one that is false and is 'injurious to the reputation of another'" or "tends to . . . deter third persons from associating or dealing with" the victim) (citations omitted). Jovanovic

---

[4]Defamation and vicarious liability are matters of state law. The District Court did not discuss any particular substantive law or perform a choice of law analysis, but it appears from the Second Amended Complaint that the law of at least three states (New Jersey, Delaware and Maryland) potentially governs one or both of these issues. The parties assume in their briefs that Jovanovic's claims are governed by New Jersey law. On this limited record, we cannot conclusively determine whether they are correct. For present purposes, however, we will assume that they are. On remand, the District Court should determine the applicable law or laws in the first instance. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Lebegern v. Forman, 471 F.3d 424, 428 (3d Cir. 2006).

further alleges that Hewinson circulated that letter to multiple third parties. (SAC ¶¶ 168, 171.) Finally, Jovanovic alleges that the letter was malicious, intended to defame him personally, caused various recipients to end business relationships with him personally, and caused him various other personal injuries, including "loss of personal reputation." (Id. ¶¶ 272-73, 278-80.) These allegations are sufficient to state a claim for defamation.

Jovanovic also has adequately alleged that Northrop Grumman is vicariously liable on this claim. Generally, an employer is liable for intentional torts, including defamation, committed by its employees within the scope of their employment. See Printing Mart-Morristown v. Sharp Elecs. Corp., 563 A.2d 31, 47-48 (N.J. 1989). Jovanovic has adequately alleged that Wilhelm and Hewinson were acting within the scope of their employment here.

According to Jovanovic, Northrop Grumman first became involved in Algerian projects "through" Wilhelm, and Wilhelm's subsequent election as Chairman of the US-ABC (allegedly as a Northrop Grumman "agent") allowed Northrop Grumman to "strengthen [its] monopoly and control of US-ABC." (Id. ¶¶ 124, 132-33.) Wilhelm later invited Jovanovic to meet with him "at his Northrop Grumman office" and, when Jovanovic arrived, Hewinson greeted him and introduced herself as a Northrop Grumman manager. (Id. ¶¶ 145-47.) At that meeting, Wilhelm and Jovanovic discussed various issues regarding the US-ABC. Jovanovic told Wilhelm that he thought Wilhelm's position as US-ABC Chairman might subject Northrop Grumman to legal liability, and encouraged Wilhelm to resign. (Id. ¶¶ 148-51.) The next month, Wilhelm drafted the

6

September 14 letter threatening to expel Genesis from the US-ABC. Jovanovic alleges that Wilhelm drafted the letter as an "agent" of Northrop Grumman and that Hewinson circulated it by e-mail, which he alleges was "sent to all recipients by . . . Northrop Grumman, via Northrop Grummans [sic] e-mail server system." (Id. ¶¶ 166, 171.) Taking these allegations as true, and drawing all reasonable inferences therefrom in Jovanovic's favor, Jovanovich has adequately alleged that Wilhelm and Hewinson were acting within the scope of their employment when they drafted and circulated the correspondence at issue. Accordingly, Jovanovic is entitled at this stage to proceed against Northrop Grumman.

We stress the limited nature of this holding. The claims of Genesis and IIC have been dismissed, so Jovanovic can seek damages only for any injuries sustained by him personally, not by Genesis or IIC. On this limited record, we will not attempt to categorize each specific injury that Jovanovic alleges. We observe, however, that this limitation might significantly reduce whatever recovery might otherwise have been available on this claim.

## B.  Rule 12(b)(2) Rulings

After reviewing the issue <u>de novo</u>, we agree with the District Court that Jovanovic failed to make a <u>prima facie</u> showing that any of the jurisdictional defendants is subject to specific or general personal jurisdiction in New Jersey.  <u>See</u> <u>Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino</u>, 960 F.2d 1217, 1223 (3d Cir. 1992).  We will not reiterate the District Court's analysis, except to state that we agree with its application of the "effects test" as set forth in <u>IMO Industries</u>.  Our conclusion that Jovanovic has stated a claim against Northrop Grumman on the basis of Wilhelm's and Hewinson's alleged actions does not change this result with respect to those individuals.  <u>See</u> <u>Calder v. Jones</u>, 465 U.S. 783, 790 (1984) (explaining that employer's contacts with a forum cannot subject employees to personal jurisdiction and that each defendant's contacts with the forum must instead "be assessed individually").

## C.  Reconsideration Rulings

Finally, inasmuch as we are partially reversing the District Court's Rule 12(b)(6) ruling, we will reverse its denial of Jovanovic's motion for reconsideration of that ruling to the same extent.  We otherwise find no abuse of discretion in the District Court's denials of reconsideration and will affirm them in all other respects.

8